McChesney, Appellant, *v.* Firedoor Corporation of America et al., Appellees.

[Cite as McChesney v. Firedoor Corp. (1976),
50 Ohio App. 2d 49.]

(No. 8188—Decided November 24, 1976.)

*Mr. Andrew J. Michaels*, for appellant.
*Mr. Marvin G. Manes*, for appellees.

Hunsicker, J. On November 1, 1974, Mark F. McChesney, an attorney at law of Akron, Ohio, filed a complaint against Firedoor Corporation of America and its comptroller in charge of collections, S. Pease, alleging that the defendants had "falsely libelously and with intent to defame, lodged a complaint accusing plaintiff (Mark F. McChesney) of unethical conduct," with the Akron Bar Association, whereby he had suffered great damage.

The case was tried to a jury and, at the conclusion of the evidence, the trial court directed a verdict upon the evidence, exhibits and pleadings for the appellees, Firedoor Corporation of America and S. Pease. The directed verdict and judgment thereon was as stated by the court "sustained based upon the fact that the court finds that it is an absolute privilege on behalf of the defendants in this libel action."

From the judgment McChesney appeals, stating:

"1. The Common Pleas Court erred in granting defendants' motion for directed verdict with respect to its finding that defendants' libelous communication to the Akron Bar Association was absolutely privileged and thus determining, as a matter of law, that plaintiff-appellant's suit for libel was not actionable.

"2. Upon the weight of the evidence of record, the Common Pleas Court erred in failing to submit to the triers of fact for determination the issue of actual malice of the defendant in publishing libelous matter concerning the plaintiff to the Akron Bar Association."

The nature of these assignments are such that they shall be considered together as to whether an alleged libelous communication to a local bar association concerning the conduct of counsel, who does not represent the party complaining, is an absolute privilege and, hence, no action can be maintained for such alleged libelous conduct.

Mr. McChesney represents John Jacobson Company, a local concern which had purchased products of the defendant company. A dispute arose between the parties. Firedoor Corporation, claiming an agreement to arbitrate disputes, submitted the claim to arbitration. The arbitration proceedings were held without McChesney or John Jacobson Company making an appearance. An award was granted which McChesney advised his client not to pay. John Jacobson Company claimed to have a counterclaim against Firedoor Corporation of America. It was to collect the arbitration award that prompted S. Pease, acting for his company, to call McChesney, saying, in effect, that unless McChesney advised his client Jacobson to pay the arbitration award in full he would "go to the Akron Bar Association and see that it is paid." McChesney did not advise his client to pay the award and it was not paid. Mr. Pease then wrote a letter to the Akron Bar Association complaining of the conduct of McChesney and requesting an examination of McChesney's conduct.

The appropriate committee of the Akron Bar Association conducted an investigation of the actions of Mr. McChesney. The Akron Bar Association notified the defen-

dants that it found no breach of ethical conduct on the part of McChesney. The instant action was thereafter filed by Mr. McChesney.

Is there an absolute privilege granted to one who threatens a lawyer of an opposing party with a complaint to a local bar association and then fulfills that threat and complains concerning actions of such lawyer in representing his client in a controversy between the parties where alleged false and libelous statements are made concerning the lawyer for such opposing party? The issue herein does not involve a question of whether the statements of the defendants constituted libel. The action of the trial court limited its directed verdict only to the question of absolute privilege. We also limit our conclusion to the action of the trial court.

It must be pointed out herein that this case does not involve legislative or judicial action of any kind. It does not involve, as in *Baggott* v. *Hughes* (1973), 34 Ohio Misc. 63, a client's complaint to the state bar association against his lawyer. This is the complaint of a company, acting through its authorized agent, to force a lawyer to compel his client to settle a disputed controversy favorable to such complaining company.

It has long been the law in Ohio that absolute privilege applies to legislative proceedings, judicial proceedings, official acts of the executive offices of state or nation and acts done in the exercise of military or naval authority. *The Erie County Farmers' Ins. Co.* v. *Crecelius* (1930), 122 Ohio St. 210; *Bigelow* v. *Brumley* (1941), 138 Ohio St. 574; *Tanner* v. *Gault* (1925), 20 Ohio App. 243.

The purpose for the complaint directed by Firedoor Corporation of America by its controller, S. Pease, was to collect the arbitration award made against the John J. Jacobson Company. The letter of Firedoor wanted the bar association's help in obtaining payment under its claim.

The complaint to the Akron Bar Association was not within the realm of a judicial or legislative proceeding, which are the time honored spheres where absolute privilege is accorded to those charged with libel. *Liles* v. *Gaster*

(1885), 42 Ohio St. 631, 635, and Restatement of the Law of Torts, Section 890 (1939). 50 American Jurisprudence 2d 697, Libel and Slander, Section 194 and authorities there cited. The authorites agree that privilege, whether absolute or qualified, is a matter of public policy. The defense of privilege encourages persons to make complaints, to speak freely and to testify freely in judicial proceedings and in legislative hearings. The place, time and occasion determine whether the claim of absolute privilege can be successfully used as a defense in such cases as we have here. Tentative Draft 20, Restatement of the Law of Torts Second, Section 584(B)(1974).

The case of *Ramstead* v. *Morgan* (1959), 219 Ore. 383, 401, 347 P. 2d 594, 602, in adopting the position of the trial court, quoted the court with approval, saying:

"Therefore, unless it appears from the face of the pleadings that the communication complained of exceeded the legitimate purpose of the intent to state a complaint in the proper forum, it is absolutely privileged, and there can be no trial of the underlying motives of the defendant in instituting the complaint."

We understand this statement to imply that if the complaint is itself subject to objection because it fails to set out a proper subject of complaint, then the claim of absolute privilege is no longer available.

In the early Ohio case of *Preusser* v. *Faulhaber* (1912), 15 C. C. (NS) 110, 112, affirmed in 82 Ohio St. 466, the court said:

"When that case [the complaint to the clerk of courts and trial court] came before us, we held that the charges quoted bore internal evidence of having been filed in a disbarment proceeding; *and without any averment that such proceeding was a mere cloak maliciously employed to make the publication a privileged one, the alleged libel was not actionable.* (Emphasis ours.)

In the case of *Wilson* v. *Whitacre* (1889), 4 Ohio C. C. R. 15, a letter addressed to the Supreme Court of Ohio, concerning the character of an applicant for the Bar of Ohio and upon which suit was brought because of its

libelous nature, was declared to be subject to the rule of absolute privilege. The Supreme Court of Ohio regulates admission to the Bar of Ohio and, hence, is required to accept only those who pass an examination and are of good moral character. The same situation exists today for it is the Supreme Court of Ohio that determines the way in which lawyers are granted the right to practice. That Court also determines by rule the method whereby lawyers are supervised. The Code of Professional Responsibility for the Bar of Ohio is found in 23 Ohio St. 2d. The Supreme Court Rules for the Government of the Bar of Ohio are found in 29 Ohio St. 2d. See also, R. C. Chapter 4705; Section 6, Article IV of the Ohio Constitution.

We have examined many cases, Ohio cases as well as those from other jurisdictions, and in all such cases the rule of absolute privilege as to complaints against a lawyer arises out of an attorney-client relationship, not from a position where a lawyer for an opposing party files a complaint such as we have in the instant case.

In *Lee v. W. E. Fuetterer Battery & Supplies Co.* (1929), 23 S. W. 2d 45, a qualified privilege only was held to apply even though Lee was the lawyer for Fuetterer Battery & Supply Co. This Missouri case is the only one in which a qualified privilege has been recognized where the complaint was instituted by a client against his lawyer.

The rule of conditional or qualified privilege arises where a matter of public interest is involved. In tentative Draft 20, Restatement of the Law of Torts Second, Section 598 (1974), the text states:

"An occasion is conditionally privileged when the circumstances induce a correct or reasonable belief that:

"(a) facts exist which affect a sufficiently important public interest, and

"(b) the public interest requires the communication of the defamatory matter to a public officer or a private citizen and that such person is authorized or privileged to take action if the defamatory matter is true."

The scope and application of absolute privilege with many cited authorities is set out in text form in 50 American

Jurisprudence 2d 697, Libel and Slander, Section 194.

From our examination of authorities, the situation which we have herein, if given the status of an absolute privilege, would permit a dissatisfied litigant to complain to the bar association about the conduct of opposing counsel in advising his own client concerning matters in dispute between the parties. We recognize that the preservation of the good name and character of the Bar of Ohio is of great general interest but to grant an absolute privilege under the facts in this case would open the door to all manner of unjustified complaints to those who have no interest in the matters about which the complaint is made except to secure revenge for imagined wrongs.

It is the conclusion of this court that the trial court erred to the prejudice of the plaintiff when it determined that the statements of the defendants were subject to the rule of absolute privilege. The judgment must be reversed and the cause returned to the trial court for further proceeding according to law.

*Judgment reversed and cause remanded.*

Victor, P. J., and Doyle, J., concur.

Hunsicker and Doyle, JJ., retired, of the Ninth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Constitution.