COX, Appellant,

v.

COMMERCIAL PARTS & SERVICE, Appellee.

[Cite as *Cox v. Commercial Parts & Serv.* (1994), 96 Ohio App.3d 417.]

Court of Appeals of Ohio,
Franklin County.

No. 93APE11–1530.

Decided Aug. 11, 1994.

418

· *Ric Daniell,* for appellant.

*Kepley, MacConnell & Eyrich* and *Francis X. Lee,* for appellee.

REILLY, Judge.

This is an appeal from a judgment of the Franklin County Court of Common Pleas granting the motion for summary judgment of defendant-appellee, Commercial Parts & Service.

Plaintiff-appellant, Cynthia Marie Cox, appeals the common pleas court judgment and asserts the following three assignments of error:

"FIRST ASSIGNMENT OF ERROR

"The court committed error in granting summary judgment against plaintiff on her claims for wrongful discharge and detrimental reliance.

"SECOND ASSIGNMENT OF ERROR

"The court committed error in granting summary judgment against plaintiff on her claim for handicap discrimination.

"THIRD ASSIGNMENT OF ERROR

"The court committed error in granting summary judgment against plaintiff on her claim for sex discrimination."

Appellant applied for a job as an office assistant with appellant on July 15, 1991. Appellee's manager, Anthony Allen, interviewed appellant and hired her on the same day. The job application which appellant completed included the following statement/disclaimer:

"I understand and agree that if hired my employment is for no definite period and may regardless of the date of payment of my wages and salary be terminated at any time without any prior notice."

Appellant's job duties included answering the telephone, taking service orders, completing warranty reports, and filing invoices. Steve Sandless was the service manager and appellant's direct supervisor while Anthony Allen was the overall supervisor.

Appellant's last day of work with appellee was Friday, March 20, 1992. On that day, appellant left work at approximately 3:00 p.m., two hours earlier than normal, due to a family emergency. Appellant's husband committed suicide during the early morning hours of March 21, 1992. Appellant did not go to work the following week. On March 27, 1992, Allen telephoned appellant and informed her that she was terminated.

Appellant subsequently filed the present wrongful discharge action.

This appeal is before this court on summary judgment. Civ.R. 56(C) sets forth the standard for granting summary judgment. It provides that summary judgment shall not be granted unless the evidence before the court shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Summary judgment is not proper unless it appears from the evidence that reasonable minds can come to but one conclusion and, viewing the evidence most strongly in favor of the party against whom the motion for summary judgment was made, that conclusion is

adverse to the nonmoving party. The party seeking summary judgment bears the initial responsibility of specifically delineating the basis upon which summary judgment is sought and which supposedly raises no genuine issues of material fact so that the opposing party has a meaningful opportunity to respond. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus. After a proper summary judgment motion has been made, the nonmoving party must supply evidence that a material issue of fact exists, evidence of a possible inference is insufficient. *Id.* It is the nonmoving party's responsibility to introduce evidence on any issue for which it bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095.

Appellant's assignments of error relate to the same basic proposition and consequently we will address them together. The basic issue is whether summary judgment on appellant's wrongful discharge claim was proper.

Appellant has asserted three grounds in support of her wrongful discharge claim: promissory estoppel, sex discrimination, and handicap discrimination.

■ Generally, the doctrine of employment at will permits the termination of employees at any time even if done in " 'gross or reckless disregard of [an employee's] rights.' " *Fawcett v. G.C. Murphy & Co.* (1976), 46 Ohio St.2d 245, 75 O.O.2d 291, 348 N.E.2d 144. The Supreme Court of Ohio modified this concept in *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 19 OBR 261, 483 N.E.2d 150. In *Mers,* the court recognized two limits to the employment-at-will doctrine in paragraphs two and three of its syllabus:

"2. The facts and circumstances surrounding an oral employment-at-will agreement, including the character of the employment, custom, the course of dealing between the parties, company policy, or any other fact which may illuminate the question, can be considered by the trier of fact in order to determine the agreement's explicit and implicit terms concerning discharge.

"3. The doctrine of promissory estoppel is applicable and binding to oral at-will employment agreements. The test in such cases is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee."

■ When determining whether promissory estoppel is applicable to an employment-at-will relationship, the test to apply is "whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee." *Kelly v. Georgia–Pacific Corp.* (1989), 46 Ohio St.3d 134, 545 N.E.2d 1244, paragraph three of the syllabus.

█ In her deposition, appellant testified that she received two raises during her employment with appellee. She added that Allen told her she was doing an excellent job many times and that Steve Sandless was impressed with her organization and phone skills. She also stated that she was never criticized for the performance of her job duties.

Appellant spoke with Steve Sandless on Sunday evening, March 22, 1992. Appellant informed him that she needed a couple of days off, to which he replied there was no problem and that they would see her on Wednesday. Sandless told her that her job was safe and not to worry about it. Appellant went into the office on Tuesday afternoon, March 24, 1992, and spoke with Anthony Allen and William Hetzler, appellee's owner. During this discussion, Hetzler suggested that appellant resign from her job and go on welfare. Appellant stated in her deposition that she rejected this proposal. She also stated that Allen suggested she take the rest of the week off. Appellant stated that there was no discussion of her being terminated from employment with appellee.

Appellee submitted the affidavit of Anthony Allen with its summary judgment motion. In his affidavit, Allen states that he had problems with appellant's job performance, and that the decision to terminate appellant was made before March 20, 1992. Appellee cites a classified ad for an office person it placed in The Columbus Dispatch to support its claim that it decided to terminate appellant before March 20, 1992. The ad is insufficient evidence to prove that the decision to terminate appellant was made before March 20, 1992. We find an issue of material fact exists as to when appellee decided to terminate appellant. We also find that issues of material fact exist concerning whether or not appellee made statements to appellant promising job security to her which appellee should reasonably have expected appellant to rely upon and which she did to her detriment. Accordingly, summary judgment was improper on the issue of whether appellant was wrongfully discharged on promissory estoppel grounds.

Appellant also asserted wrongful discharge based on handicap discrimination. In *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981, the Ohio Supreme Court held that public policy warrants an exception to the employment-at-will doctrine when an employer discharges an employee for a reason prohibited by statute. *Id.* at paragraph one of the syllabus. R.C. 4112.02(A) provides that it is an unlawful discriminatory practice for an employer to discharge, without just cause, an employee because of sex or handicap. R.C. 4112.01(A)(13) defines "handicap" as:

"[A] physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a

record of a physical or mental impairment; or being regarded as having a physical or mental impairment."

■ To defend a summary judgment motion against a handicap discrimination claim, a plaintiff should demonstrate that a genuine issue of material fact exists as to whether "(1) [she] is handicapped, (2) action was taken by [her] employer (at least in part) because [she] was handicapped, and (3) even though plaintiff is handicapped, [she] can safely and substantially perform the essential functions of the job in question with reasonable accommodations. * * *" *Wooten v. Columbus, Div. of Water* (1993), 91 Ohio App.3d 326, 632 N.E.2d 605, citing *Hazlett v. Martin Chevrolet, Inc.* (1986), 25 Ohio St.3d 279, 25 OBR 331, 496 N.E.2d 478, and *Asplundh Tree Expert Co. v. Ohio Civ. Rights Comm.* (1991), 68 Ohio App.3d 550, 589 N.E.2d 102.

In her deposition, appellant stated that she had a seizure affliction from at least 1970 to the present time. Appellant said that in 1990, doctors determined that her seizures were related to a sleep disorder and prescribed different medicine than previously had been prescribed. Appellant was seeing a doctor for her condition throughout the period of her employment with appellee. Appellant recalled at least three seizure-related problems while she was employed by appellee. Appellant added that the seizures did not significantly interfere with her job duties.

■ Moreover, appellant testified that when Allen telephoned her on March 27, 1992, to inform her of her termination, he told her that one reason Hetzler had decided to let her go was that she was prone to seizures and he was afraid that the stress she was under might cause her to have a seizure. While Allen denies making this statement, whether this statement was or was not made is a genuine issue of material fact that should be determined by a trier of fact. Because material issues of fact have been established as to the elements of a handicap discrimination claim, we find that summary judgment on this ground was improper.

■ The *McDonnell Douglas/Burdine*[1] test to establish a prima facie showing of discrimination applies to discrimination claims brought pursuant to Ohio law. *Mitchell v. Toledo Hosp.* (C.A.6, 1992), 964 F.2d 577. Under this test, a plaintiff establishes a prima facie discrimination claim by showing that the plaintiff (1) was a member of a protected class, (2) was discharged, (3) was qualified for the position, and (4) was replaced by a person outside that class.

1. The cite for *Burdine* is *Texas Dept. of Community Affairs v. Burdine* (1981), 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207. The cite for *McDonnell Douglas* is *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668.

See, also, *Jones v. BancOhio Natl. Bank* (Sept. 30, 1993), Franklin App. No. 93AP–246, unreported, 1993 WL 393842.

In her deposition, appellant stated that in the March 27, 1992 phone call, Allen informed her that another reason she was being terminated was that they thought a man could run her position more smoothly. She testified that a man was hired to replace her for her main job duties. Additionally, appellant's testimony in her deposition indicates that she was qualified for her position and that she was a member of a protected class. Accordingly, although Allen denied making any gender-related comment when he notified appellant of her termination, we find that material issues of fact exist concerning appellant's claim that she was wrongfully discharged due to sex discrimination.

Appellant's assignments of error are sustained. The judgment of the trial court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

WHITESIDE, P.J., and PEGGY BRYANT, J., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.