YOUNG, Appellee,

v.

JONES, Appellant.

[Cite as *Young v. Jones* (1997), 122 Ohio App.3d 539.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–96–346.

Decided Aug. 22, 1997.

540

James S. Nowak, for appellee.

Thomas W. Heintschel, for appellant.

*Per Curiam.*

This case comes before the court on appeal from a judgment of the Lucas County Court of Common Pleas, which granted the summary judgment motion of plaintiff-appellee, Joseph L. Young, and dismissed defendant-appellant Christopher F. Jones's defamation claim. Appellant appeals that judgment and sets forth the following assignments of error:

"I. The trial court erred in granting Young's motion for summary judgment on Jones' defamation claim because there was a genuine issue of material fact on whether the defamatory statements were published to third parties outside the grievance process.

"II. The trial court erred in granting Young's motion for summary judgment on Jones' defamation claim because the defamatory statements alleged personal misconduct not reasonably related to a disciplinary process for professional impropriety.

"III. The trial court erred in granting Young's motion for summary judgment on Jones' defamation claim because the summary judgment was based on the erroneous conclusion that Jones had the burden of producing evidence on the affirmative defense of absolute privilege."

It is undisputed that, from 1989 to 1994, appellant acted as counsel for two corporations in which appellee was involved. In January 1990, appellee loaned appellant $10,000. Appellant executed a note promising to repay those funds as of July 12, 1990. Appellant failed to comply with the terms of the note.

In February 1991, appellant filed a Chapter 7 petition in the United States Bankruptcy Court for the Northern District of Ohio, Western Division. Appellant failed to list the loan of $10,000 as one of his debts; he received a discharge of his enumerated debts in October 1991. When, in 1994, appellee attempted to collect the $10,000, plus interest, owed by appellant under the terms of the note, appellant filed a motion to reopen his prior bankruptcy case. Appellant argued that, due to "oversight and mistake," he failed to include appellee as a creditor in his bankruptcy schedules. He also asserted that the $10,000 was a "gift." The bankruptcy court denied appellant's motion to reopen, finding appellant's omission of the debt to appellee from his bankruptcy schedules was "reckless, and perhaps willful." The bankruptcy court also noted that the evidence supported the fact that appellant "made a conscious decision not to schedule the Loan."

In January 1995, appellee sent a letter to the Toledo Bar Association Grievance Committee ("TBA"), in which appellee asserted that appellant "willfully, intentionally and possibly fraudulently" misused the Bankruptcy Code to his advantage and that the bankruptcy court found appellant's conduct was "willful, intentional and possibly fraudulent." Appellee asked that appellant be precluded from the practice of law in the state of Ohio "for abuse and misuse of the Bankruptcy Code for his own benefit and to the detriment of his client at the time of representation." The TBA dismissed the grievance, and appellant appealed to the Disciplinary Counsel, Supreme Court of Ohio.

In March 1995, appellee instituted the present action by filing a complaint seeking payment from appellant on the promissory note. Eventually, the parties reached an agreement on the payment of this note and on attorney fees owed to appellant by appellee. However, appellant filed a counterclaim seeking damages for appellee's allegedly libelous statements made in the letter to the TBA.

Appellee filed, pursuant to Civ.R. 12(B)(6), a motion to dismiss the counterclaim in which he argued that the statements made in the letter were not actionable under the doctrine of absolute privilege. Appellant's memorandum in opposition referred only to the letter sent to the grievance committee and claimed, in essence, that appellee's statements were not reasonably related either to the practice of law or to the attorney-client relationship. Appellee's reply to the memorandum in opposition, again, addressed only the written grievance filed with the TBA. The trial court overruled the motion to dismiss.

Shortly thereafter, appellee filed a motion for summary judgment on appellant's defamation claim. Appellee maintained that the letter sent to the griev-

ance committee had a reasonable relationship to a breach of legal ethics by appellant. Attached to the motion was the letter sent to the TBA and the decision of the Disciplinary Counsel, Supreme Court of Ohio.[1]

In its October 31, 1995 decision, the Disciplinary Counsel stated:

"The Bar Association dismissed your grievance; and said it found no violation regarding the bankruptcy case. We agree with that determination. The facts in this matter do not rise to the level of probable cause (substantial, credible evidence) of a violation, as required for the filing of a complaint for disciplinary action. However, we have determined that Attorney Jones' conduct based upon the Bankruptcy Court's Opinion, the Counterclaim for you filing a disciplinary complaint, and the loan which is a business transaction with a client is colorable, pursuant to Gov. Bar Rule V, Section 4(I)(6). This means his conduct, if repeated, could form the basis for a disciplinary violation. Your grievance will be retained on file for two years from the date it was received and ending on June 29, 1997. During that time, it may be considered in connection with any subsequent grievance. Your concern in this matter is appreciated."

In his memorandum in opposition to the motion for summary judgment, appellant contended that appellee was simply renewing his Civ.R. 12(B)(6) motion on the issue of liability and he was not required to show damages because statements made to the grievance committee were libel *per se*. In his affidavit in support of his memorandum, appellant referred only to "the false and libelous statements made by the Plaintiff [appellee] in the Grievance Complaint filed in the Toledo Bar Association" and the fact that these statements were published to the attorneys who serve on the committee and "various other attorneys who were interviewed in connection with these false and libelous statements."

On February 20, 1996, the common pleas court granted appellee's motion for summary judgment and dismissed appellant's counterclaim. Essentially, the trial court found that the doctrine of absolute privilege applied to TBA grievance proceedings and that, so long as the allegedly libelous statements were reasonably related to those proceedings, they were not actionable. The court concluded

---

1. None of the documents submitted in this case complied with the requisites of Civ.R. 56(E). Pursuant to Civ.R. 56(C) a court may consider "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action." Therefore, any documents must be incorporated by reference into a proper affidavit or otherwise certified as genuine in order for them to be admissible evidence for summary judgment purposes. *Biskupich v. Westbay Manor Nursing Home* (1986), 33 Ohio App.3d 220, 222–223, 515 N.E.2d 632, 634–635. Nevertheless, when the opposing party fails to object to the admissibility of the evidence under Civ.R. 56, the court may, but need not, consider such evidence when it determines whether summary judgment is appropriate. *Bowmer v. Dettelbach* (1996), 109 Ohio App.3d 680, 684, 672 N.E.2d 1081, 1084. Because it appears that the trial court considered all of the documentary evidence offered on the motion for summary judgment, we shall also consider that evidence.

that appellant failed to offer evidence, sufficient to create a genuine issue of material fact, as to whether the alleged libel was *not* reasonably related to the grievance process.

Final judgment setting forth the parties' agreement on the other issues in this case was journalized on October 3, 1996. This appeal followed.

The following procedural and substantive law is applicable to appellant's assignments of error.

In reviewing a motion for summary judgment, an appellate court employs the same standard as the trial court. *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411, 413–414. Summary judgment is appropriate when the following are established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47–48.

■ Under the doctrine of absolute privilege, a statement published in a judicial proceeding cannot serve as the basis of a defamation action so long as the statement bears some reasonable relation to the subject matter of the proceeding. *Surace v. Wuliger* (1986), 25 Ohio St.3d 229, 232–233, 25 OBR 288, 290–292, 495 N.E.2d 939, 941–943. Such a privilege is applicable even though the statement may have been made with actual malice, in bad faith and with knowledge of its falsity. *Bigelow v. Brumley* (1941), 138 Ohio St. 574, 21 O.O. 471, 37 N.E.2d 584.

■ Complaints filed with the grievance committee of a local bar association are part of a judicial proceeding. *Hecht v. Levin* (1993), 66 Ohio St.3d 458, 613 N.E.2d 585, paragraph one of the syllabus. Thus, the doctrine of absolute privilege applies to a statement made during the course of an attorney disciplinary proceeding "as long as the statement bears some reasonable relation to the proceeding." *Id.* at paragraph two of the syllabus. The determination of whether absolute privilege is applicable in a given case is necessarily one of law for the trial court to determine. *Surace v. Wuliger*, 25 Ohio St.3d at 234, 25 OBR at 292–293, 495 N.E.2d at 943–944.

■ In his first assignment of error, appellant contends that the trial court erred in granting appellee's motion for summary judgment because appellee published the alleged defamatory statements to persons outside the grievance process. As can be noted in this court's recitation of the statement of the case, appellant never raised this issue in the trial court. A litigant's failure to raise an issue in the trial court waives the litigant's right to raise that issue on appeal.

*Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 220, 574 N.E.2d 457, 462–463, reversed on other grounds in *Collins v. Sotka* (1998), 81 Ohio St.3d 506, 692 N.E.2d 581. Moreover, appellant failed to offer any evidence of the fact that the statements were made to anyone outside the grievance process. His affidavit speaks of attorneys on the grievance committee and those called as witnesses during grievance process, *i.e.,* judicial, proceeding. Furthermore, although appellee's letter to the grievance committee contains a "cc: Mr. Richard A. Scheich, Esq.," there is no evidence in the record from which one could infer that Scheich received or read the letter. For these reasons, appellant's first assignment of error is found not well taken.

■ Appellant's second assignment of error asserts that the trial court erred in granting summary judgment on the basis of absolute privilege because the defamatory statements made in appellee's complaint related only to his personal conduct and not to any act of professional impropriety. We disagree.

The issue under this assignment of error is whether the alleged defamatory statements in the grievance letter had "reference and relation" to the subject matter of the grievance process. The statements made by appellee in his grievance letter concerning the misuse of the Bankruptcy Code were the central issue in the grievance process. Thus, they were material to the inquiry before the TBA grievance committee.

Appellant, however, cites *McChesney v. Firedoor Corp. of Am.* (1976), 50 Ohio App.2d 49, 4 O.O.3d 28, 361 N.E.2d 552, for the proposition that "purely personal misconduct" of an attorney cannot be employed as the basis of an attorney grievance proceeding. The actual holding in *McChesney* is that the doctrine of absolute privilege does not apply to attorney disciplinary proceedings. *Id.* at 51–52, 4 O.O.3d at 29–30, 361 N.E.2d at 553–554. Accordingly, *McChesney* has limited value after the Ohio Supreme Court's decision in *Hecht.* Moreover, appellant's view of the "reference and relationship to the proceedings" standard requires a determination of the merits of a grievance as part of deciding whether absolute privilege applies. This is not the rule set forth in either *Surace* or *Hecht.* Further, and assuming this were the proper standard, the Disciplinary Counsel found that, even in the absence of a specific disciplinary violation, appellee's grievance was "colorable" under the Ohio Supreme Court Rules for the Government of the Bar. Therefore, appellant's second assignment of error is found not well taken.

In his third assignment of error, appellant argues that the trial court impermissibly required him to bear the "burden of production" of evidence on the defense of absolute immunity.

The Supreme Court of Ohio recently set forth the burden that is placed on each party in a summary judgment action. In *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, the court held:

"[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claim. * * * [I]f the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Id.* at 293, 662 N.E.2d at 274.

A summary judgment motion must be overcome by specific and provable facts and not mere allegations; evidence of a possible inference is insufficient. *Jackson v. Alert Fire & Safety Equip., Inc.* (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027, 1031–1032; *Cox v. Commercial Parts & Serv.* (1994), 96 Ohio App.3d 417, 421, 645 N.E.2d 123, 125.

In the case before us, appellee pointed out that no question of material fact existed on the defense of absolute immunity. It was then appellant's burden to set forth specific operative facts demonstrating that a question of fact did exist on this issue. He did not satisfy this burden. In its judgment entry, the trial court simply stated this fact. Consequently, we conclude that the trial court did not err in finding that the doctrine of absolute privilege barred appellant's libel claim as a matter of law. Appellant's third assignment of error is found not well taken.

The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.

*Judgment affirmed.*

MELVIN L. RESNICK, P.J., HANDWORK and GLASSER, JJ., concur.