JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel.
Plaintiff-appellant Judith Torres appeals from the trial court order that granted the motion for summary judgment filed by her former employer, defendant-appellee City of Cleveland, thus termiating appellant's action for handicap discrimination.[1]
Appellant asserts the evidence submitted to the trial court demonstrates genuine issues of material fact remain as to her claim. After a review of the record, however, this court concludes the trial court's action was appropriate; therefore, its order is affirmed.
The evidentiary materials submitted to the court below, all of which were attached only to appellee's motion for summary judgment, established the following facts:
Appellant began her employment with appellee in May 1987. She was assigned to the Department of Public Safety and worked as a technician for the Emergency Medical Service ("EMS"). Although appellant received several letters of commendation during her tenure as an EMS technician, she also was the subject of several disciplinary actions. In August 1988, appellant was disciplined for sick leave "abuse"[2] since her absence from work was "excessive" for the preceding three months. In October 1989, appellant again was disciplined for sick leave abuse; a note on the "warning" letter signed by appellant indicated appellant had taken three days off" without a physician's excuse during pregnancy. In July 1991, appellant was disciplined a third time for an "abusive sick time pattern."
In March 1992, appellant was notified by the "Assistant Chief" of the department that her actions during an EMS "run" were "inconsistent with our current patient care protocol"; she therefore received a "warning" of further disciplinary action should other similar incidents occur.
In October 1992, appellant's altercation with her partner during the treatment and transport of a patient was the subject of a "predisciplinary hearing."
The record reflects appellant began attending law school sometime in 1992. In August 1993, she requested a change in "shift assignment" in order to accommodate her academic schedule. Appellant's request was granted.
Soon thereafter, appellant requested a second change in her work schedule "to further accommodate her academic schedule"; however, this request was denied "based on operational needs."
Appellant then requested a leave of absence for the period from September 1993 through June 1994 "due to extenuating circumstances." Appellant informed the EMS's Chief of Operations she needed some time in order to pursue "her academic studies." Appellant's request for a leave of absence also was denied "due to operational needs." Upon this denial, appellant notified the EMS's Commissioner that she was resigning her position because her "leave of absence was turned down."
Appellant subsequently requested reinstatement to the eligible list of employees. Her request was disapproved for the following reasons: (1) she was disciplined for sick time abuse; (2) she was given a written warning for disregarding patient care protocol in 1992; and (3) she had a history that included confrontation with her partner and other members of the division.
In May 1997, appellant instituted this action against appellee, alleging in pertiment part that she suffered from "gynecological problems which necessitated surgery and recurring complications from that surgery." Appellant further alleged she "began leave" from her employment in October 1993 "for medical reasons" and that appellee's refusal to reinstate her employment was "because of her handicap" and was, therefore, discriminatory.
After appellee filed its answer, discovery proceeded in the case. Subsequently, appellee filed its motion for summary judgment arguing appellant could not sustain a claim of handicap discrimination.
Appellee attached to its motion, inter alia, copies of the following: (1) appellant's responses to appellee's requests for admissions; (2) the affidavit of the Chief of Operations of the EMS; (3) appellant's September 1993 request for a leave of absence; (4) appellant's notice of resignation; (4) the "Request for Reinstatement" form that detailed the reasons for the disapproval of appellant; (5) pages of appellee's personnel manual explaining the "sick/absence abuse control procedures"; and (6) appellant's disciplinary notices.
After the filing of appellee's motion, the parties filed together in the trial court a "Joint Submission of Stipulations." Appellant stipulated therein that she "does not hold herself out to be a person with a disability" and "claims that she was discriminated against on the basis of a perceived disability"; however, she did not indicate any intent to amend her complaint.
Instead, appellant responded to appellee's motion for summary judgment with a memorandum to which she attached no evidentiary material. The trial court ultimately granted appellee's motion, citing as the basis of its decision appellant's failure to support the allegations of her complaint.
Appellant asserts in her sole assignment of error that the evidentiary material submitted by appellee was insufficient to demonstrate an absence of genuine issues of material fact as to her claim of handicap discrimination. Appellant's argument is flawed.
Civ.R. 56 (C) makes summary judgment proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Norris v. Ohio Std.Oil Co. (1982), 70 Ohio St.2d 1. Once the moving party identifies those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the nonmoving party's claim, the nonmoving party must produce evidence on that issue and may not rely on merely the unsworn allegations of her complaint. Dresher v. Burt
(1996), 75 Ohio St.3d 280; Wing v. Anchor Media, Ltd. ofTexas (1991), 59 Ohio St.3d 108.
In this case, appellee provided evidence that demonstrated appellant could not prove her claim of handicap discrimination.
 To defend a summary judgment motion against a handicap discrimination claim, a plaintiff should demonstrate that a genuine issue of material fact exists as to whether "(1) [she] is handicapped, (2) action was taken by [her] employer (at least in part) because [she] was handicapped, and (3) even though plaintiff is handicapped, [she] can safely and substantially perform the essential functions of the job in question with reasonable accommodations. * * *" Wooten v. Columbus Div. of Water
(1993), 91 Ohio App.3d 326, 632 N.E.2d 605, citing Hazlett v. Martin Chevrolet, Inc.
(1986), 25 Ohio St.3d 279, 25 OBR 331, 496 N.E.2d 478 and Asplundh Tree Expert Co. v. Ohio Civ. Rights Comm. (1991), 68 Ohio App.3d 550, 589 N.E.2d 102.
Cox v. Commercial Parts Serv. (1994), 96 Ohio App.3d 417
at 423. See, also, Columbus Civ. Serv. Comm. v.McGlone (1998), 82 Ohio St.3d 569; Hood v. DiamondProducts (1996), 74 Ohio St.3d 298.
First, appellant provided no evidence, in the form of either an affidavit or verified medical records, that she was "a qualified handicapped individual," as she claimed in her complaint. R.C.4112.01 (A) (13); Columbus Civ. Serv. Comm. v. McGlone,supra; cf., Cox v. Commercial Parts Serv., supra. Since appellant was not "substantially limited in a major life activity," she could not establish the first element of her cause of action.
Moreover, appellee's evidence demonstrated the recommendation against appellant's rehiring had a legitimate basis since it was made in part due to appellant's "abuse" of the sick leave procedures; i.e., appellant took sick leave without
medical excuse. Cf., Potocnik v. Sifco Industries, Inc.
(1995), 103 Ohio App.3d 560. Finally, except for a brief period during appellant's pregnancy in 1989, appellee's evidence demonstrated appellant performed her duties without requiringany accommodation.
Thus, based upon these undisputed facts, despite appellant's suggestion to the contrary, there could be no inference that appellee "considered" appellant to be handicapped. ColumbusCiv. Serv. Comm. v. McGlone, supra; cf., Martimez v. Ohio Dept.of Adm. Serv. (1997), 118 Ohio App.3d 687; Bryans v.English Nanny Governess School, Inc. (1997), 117 Ohio App.3d 303;Degnan v. Goodwill Industries of Toledo
(1995), 104 Ohio App.3d 589. Rather, the evidence proved only that any medical condition appellant had was transitory at best.Maloney v. Barberton Citizens Hosp. (1996), 109 Ohio App.3d 372.
Since appellee provided evidence that demonstrated appellant could not establish the elements of a prima facie case of handicap discrimination, and appellant provided no evidence to support the allegations made in her complaint, the trial court did not err in granting appellee's motion for summary judgment on her claim. Thatcher v. Goodwill Industries of Akron
(1997), 117 Ohio App.3d 525; cf., Csejpes v. ClevelandCatholic Diocese (1998), 109 Ohio App.3d 533.
Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
This cause is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J. CONCURS
 LEO M. SPELLACY, J. CONCUR
 _________________________ KENNETH A. ROCCO, JUDGE
[1] As noted in a trial court journal entry, appellant's additional claim of retaliatory discharge was "orally" abandoned during a pretrial conference. Appellant therefore presents no argument on appeal as to that claim.
[2] Quotes are taken from the evidentiary material filed in the trial court.