OPINION *Page 2 
{¶ 1} In 1997, appellant, Brian Roach, filed a complaint against Greenwald Underwriting Associates and appellees, AultCare Corporation and McKinley Life Insurance Company, for wrongfully interfering with his business and business relationships. A settlement between the parties was entered into on January 12, 2000 and was filed under seal. Thereafter, appellees were sued by Professional Claims Management which was represented by appellant's former counsel and later, by the law firm of Tzangas, Plakas, Mannos Raies.
 {¶ 2} On June 30, 2006, appellees filed a complaint against appellant for breach of contract, claiming appellant violated the terms of the settlement agreement, including making disparaging statements about appellees and aiding Professional Claims in its lawsuit against appellees.
 {¶ 3} On September 28, 2006, appellees served Attorney Lee Plakas with a subpoena to produce documents pertaining to appellant.
 {¶ 4} On October 10, 2006, appellees filed a request for a temporary restraining order and a preliminary injunction to enjoin appellant from continuing to violate the settlement agreement. A temporary restraining order was issued on October 12, 2006.
 {¶ 5} On October 13, 2006, Attorney Plakas filed a motion to quash the subpoena, claiming attorney-client privilege. Appellees filed a motion to compel, seeking a court order to require Attorney Plakas to turn over the requested documents and the file involving the Professional Claims lawsuit. Attorney Plakas prepared discovery logs of the disputed material as ordered to do so by the trial court. *Page 3 
 {¶ 6} On November 17, 2006, the trial court held a hearing on appellees' motion for preliminary injunction.
 {¶ 7} On December 20, 2006, the trial court ordered Attorney Plakas to produce the materials in the discovery logs for an in camera inspection. The trial court also ordered Attorney Plakas to provide copies of the discovery logs to appellees. Attorney Plakas objected to producing disputed material from the Professional Claims file.
 {¶ 8} On December 21, 2006, the trial court granted appellees' motion for preliminary injunction, enjoining appellant from disparaging appellees, from providing any documents concerning appellees to anyone, and from assisting in the prosecution of any claims against appellees by third persons.
 {¶ 9} On January 12, 2007, the trial court overruled any objections and determined all of the documents were discoverable and would be turned over to appellees on January 25, 2007.
 {¶ 10} Appellant filed an appeal on the December 20 and 21, 2006 orders and an amended appeal on the January 12, 2007 order. This matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 11} "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S PRELIMINARY INJUNCTION WITH AN ENTRY THAT FAILS TO CONFORM TO CIV. R. 65(D)."
 II {¶ 12} "THE TRIAL COURT ERRED IN GRANTING A PRELIMINARY INJUNCTION, THE CONTENT OF WHICH CONSTITUTES AN IMPERMISSIBLE *Page 4 
PRIOR RESTRAINT UPON FREE SPEECH IN VIOLATION OF THE FIRST AMENDMENT."
 III {¶ 13} "THE COURT ERRED IN GRANTING APPELLEE'S MOTION FOR A PRELIMINARY INJUNCTION BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO JUSTIFY SUCH A FINDING."
 IV {¶ 14} "THE TRIAL COURT ERRED IN ORDERING PRIVILEGED AND CONFIDENTIAL MATERIALS TO BE INCLUDED IN DISCOVERY."
 I {¶ 15} Appellant claims the preliminary injunction issued by the trial court failed to comply with Civ.R. 65(D). We disagree.
 {¶ 16} Civ.R. 65 governs injunctions. Subsection (D) states the following:
 {¶ 17} "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding upon the parties to the action, their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of the order whether by personal service or otherwise."
 {¶ 18} We find in reading the December 21, 2006 judgment entry as a whole, particularly the following language, the entry fulfills the requirement of Civ.R. .65(D):
 {¶ 19} "Specifically, Plaintiffs seek to enjoin Defendant, Brian Roach, from (1) making disparaging comments about AultCare, (2) encouraging claims and litigation *Page 5 
against it, (3) assisting in litigation against it, and (4) publicly disclosing discovery documents obtained in this litigation.
 {¶ 20} "The movant has a substantial burden to meet in order to be entitled to a restraining order or preliminary injunction.* * *The party seeking to enjoin another must establish, by clear and convincing evidence, each element of the claim. In ruling on a motion for a restraining order or preliminary injunction, the court must consider the following:
 {¶ 21} "1) the movant has shown a substantial likelihood that he or she will prevail on the merits of the underlying substantive claim;
 {¶ 22} "2) the moving party will suffer irreparable harm if the injunction is not granted;
 {¶ 23} "3) issuance of the injunction will not harm third parties; and
 {¶ 24} "4) the public interest would be served by issuing the preliminary injunction.* * *
 {¶ 25} "Upon review, the Court finds that Plaintiffs have established, by clear and convincing evidence, that there is a substantial likelihood that they will prevail on the merits of the underlying substantive claim, that they will suffer irreparable harm if the injunction is not granted, that the issuance of the injunction will not harm third parties, and that the public interest would be served by issuing the preliminary injunction." (Citations omitted.)
 {¶ 26} Assignment of Error I is denied. *Page 6 
 II, III {¶ 27} Appellant claims the preliminary injunction is an undue restraint on his right to free speech, and the evidence presented at the hearing was insufficient to meet the burden mandated for a preliminary injunction. We disagree.
 {¶ 28} We must first note we do not generally consider preliminary injunctions to be final appealable orders affecting a substantive right. In particular, the nature of a preliminary injunction is to maintain the status quo so that no additional harm may be caused.
 {¶ 29} Appellant challenges the restrictions of the injunction because he argues they violate his right to free speech guaranteed under the United States and Ohio Constitutions.
 {¶ 30} The matter sub judice involves a breach of contract claim specifically, a January 12, 2000 settlement agreement between the parties. See, Complaint filed June 30, 2006. The settlement agreement is not attached to the complaint because of the non-disclosure provision contained therein. Appellees' October 10, 2006 request for a temporary restraining order set forth the pertinent conditions of the settlement agreement as follows:
 {¶ 31} "On January 12, 2000, AultCare Corporation and McKinley Life Insurance Company entered into a settlement agreement (the `Contract') with Brian Roach in connection with a lawsuit in Stark County Court of Common Pleas, Case No. 1997CV02897. The Contract requires Roach to a) refrain from harassing, impugning or disparaging AultCare or its affiliated companies; b) not provide documents of any kind concerning AultCare or its affiliated companies to anyone for any purpose; and, c) not *Page 7 
participate in or encourage the initiation of legal action by third persons against AultCare or its affiliated companies."
 {¶ 32} In granting the preliminary injunction, the trial court ordered the following in its December 21, 2006 judgment entry:
 {¶ 33} "1) to cease and desist from any efforts to harass, impugn, or disparage AultCare Corporation, McKinley Life Insurance Company, Aultman Health Foundation, and Aultman Hospital (collectively `Aultman');
 {¶ 34} "2) to cease and desist from providing any documents or materials of any kind, no matter when they were created, concerning Aultman to anyone for any purpose;
 {¶ 35} "3) to cease and desist from assisting in the prosecution of any civil claim or lawsuit against Aultman by third persons.
 {¶ 36} "The Court further orders that:
 {¶ 37} "1) all discovery conducted in this case to date, and which will be conducted in the future, be held in confidence by the parties and their counsel and not disclosed to third parties pending further order of this Court;
 {¶ 38} "2) no deposition be filed in the clerk's office absent written court approval."
 {¶ 39} There is no transcript of the preliminary injunction hearing. From the record, we find by comparing the trial court's order with appellees' summary of the settlement agreement, the trial court only ordered the continuation of the restrictions entered into voluntarily by appellant. The record does not contain the settlement agreement filed under seal and therefore we must assume appellees' summary is *Page 8 
correct. Accepting this assumption, we find the trial court only ordered a continuation of the status quo.
 {¶ 40} Appellant argues the restrictions prohibit him from communicating with his attorneys and hampers the preparation of his own defense against the breach of contract claim. Although we concede this interpretation is plausible, we find under the doctrine of judicial immunity, communications in defense of a case are protected:
 {¶ 41} "It is a well-established rule that judges, counsel, parties, and witnesses are absolutely immune from civil suits for defamatory remarks made during and relevant to judicial proceedings. See ErieCounty Farmers' Ins. Co. v. Crecelius (1930), 122 Ohio St. 210,171 N.E. 97; McChesney v. Firedoor Corp. (1976), 50 Ohio App.2d 49, 51, 361
N.E.2d 552 [4 O.O.3d 28] . This immunity is based on the policy of protecting the integrity of the judicial process. The function of a judicial proceeding is to ascertain the truth. To achieve this noble goal, participants in judicial proceedings should be afforded every opportunity to make a full disclosure of all pertinent information within their knowledge. For a witness, this means he must be permitted to testify without fear of consequences. Freedom of speech in a judicial proceeding is essential to the ends of justice. 1 Harper James, Law of Torts (1956) 423-426, Section 5.22." Willitzer v. McCloud (1983),6 Ohio St.3d 447, 448-449.
 {¶ 42} In addition, in Elling v. Graves (1994), 94 Ohio App.3d 382,386-387, our brethren from the Sixth District stated the following:
 {¶ 43} "Ohio courts have long recognized that freedom of speech is essential in a judicial proceeding in order to ascertain the truth and to achieve justice. To assure that all participants in a judicial proceeding feel free to testify, question and act, Ohio courts *Page 9 
prohibit civil actions based on statements made by parties and witnesses during the course of and relevant to judicial proceedings."
 {¶ 44} Assignments of Error II and III are denied.
 IV {¶ 45} Appellant claims the trial court erred in ordering the release of the privilege logs prepared by Attorney Plakas. We agree in part.
 {¶ 46} The central issue of the discovery order is whether there is any material at the law firm of Tzangas, Plakas, Mannos Raies that is not protected by the attorney-client privilege. We find appellant has clearly invoked the right of privilege, and further find in our review of the sealed "Privilege Log" that other clients of the law firm are included and their privilege has not been waived.
 {¶ 47} R.C. 2317.02 governs privileged communications and acts. Subsection (A)(1) states the following:
 {¶ 48} "The following persons shall not testify in certain respects:
 {¶ 49} "(A)(1) An attorney, concerning a communication made to the attorney by a client in that relation or the attorney's advice to a client, except that the attorney may testify by express consent of the client or, if the client is deceased, by the express consent of the surviving spouse or the executor or administrator of the estate of the deceased client. However, if the client voluntarily testifies or is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the attorney may be compelled to testify on the same subject."
 {¶ 50} Further, Rule 1.6 of the Ohio Rules of Professional Conduct, titled "Confidentiality of information" states the following: *Page 10 
 {¶ 51} "(a) A lawyer shall not reveal information relating to the representation of a client, including information protected by the attorney-client privilege under applicable law, unless the client givesinformed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by division (b) or required by division (c) of this rule."
 {¶ 52} In addition, the work-product rule contained in Civ.R. 26(B)(3) states in pertinent part:
 {¶ 53} "(3) Trial preparation: materials. Subject to the provisions of subdivision (B)(4) of this rule, a party may obtain discovery of documents and tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing of good cause therefor."
 {¶ 54} The purpose of this rule is "to preserve the right of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of such cases and * * * to prevent an attorney from taking undue advantage of his adversary's industry or efforts." Civ.R. 26(A).
 {¶ 55} The scope of the attorney-client privilege will not be discussed by this court because of the aforementioned rules. However, after review, we find only two items as possibly discoverable because they specifically relate to appellant's correspondence to a third-party that is within the Tzangas, Plakas, Mannos Raies file. In the sealed documents filed January 29, 2007, these two items are identified by yellow tabs attached by this writer and are e-mails dated March 8, 2005 and June 1, 2005. *Page 11 
 {¶ 56} We find all other items listed in the privilege logs relate to the attorney-client privilege between appellant and the law firm of Tzangas, Plakas, Mannos Raies and to be part of the firm's work-product to other clients.
 {¶ 57} Assignment of Error IV is granted in part.
 {¶ 58} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part and reversed in part.
Farmer, P.J., Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion. *Page 1