GUYSINGER, ADMX., APPELLANT, *v.*
K.C. RACEWAY, INC., APPELLEE.

MCKINNESS, APPELLANT, *v.*
K.C. RACEWAY, INC., APPELLEE.

(Nos. 1571 and 1572—Decided
March 7, 1990.)

*Thomas M. Spetnagel,* for appellants.

*Charles E. Brant,* for appellee.

ABELE, P.J. This is an appeal from a Ross County Common Pleas Court summary judgment dismissing a complaint stemming from an accident at appellee's automobile raceway whereby a race car went airborne, flew over a concrete retaining wall and a chain link fence, and crashed into two spectators standing in the pit area.

One spectator, Delmar B. McKinness, survived his injuries. The other, Donald E. Guysinger, died. After consolidating McKinness's complaint with Guysinger's administrator's complaint, the court below granted appellee's motion for summary judgment.

We affirm.

### Assignment of Error

"The trial court erred by finding that there is no genuine issue as to whether appellee's actions rose to the level of wanton or willful misconduct."

Appellants acknowledge Guysinger's and McKinness's wives signed releases on their behalf. Appellants, however, argue a genuine issue of material fact exists concerning whether appellee's conduct rises to a level of wanton and willful misconduct which would invalidate the releases.

Appellants allege appellee committed wanton or willful misconduct by allowing an eight-to-ten-foot-tall chain link fence between the race track and the spectators and a two-foot-by-ten-inch Plexiglas shield attached to the fence to create an illusion of safety. In support of their allegation, appellants cite a deposition by appellee's owner, Eleanor Karshner, where she testified (1) she knew it was dangerous for people to stand next to the fence and watch the races, (2) she knew race cars flew off the track and went airborne, (3) she admitted standing next to the fence gave the sense it would provide a spectator with some protection from race cars, and (4) she personally never posted warning signs or ordered people out of the area of the fence.

In 1977, the Ohio Supreme Court held "wanton misconduct" involves a total absence of care:

"Where the driver of an automobile fails to exercise any care whatsoever toward those to whom he owes a duty of care, and his failure occurs under circumstances in which there is great probability that harm will result, such failure constitutes wanton misconduct. * * *" *Hawkins* v. *Ivy* (1977), 50 Ohio St. 2d 114, 4 O.O. 3d 243, 363 N.E. 2d 367, syllabus. See, also, *McKinney* v. *Hartz & Restle Realtors, Inc.* (1987), 31 Ohio St. 3d 244, 246, 31 OBR 449, 451, 510 N.E. 2d 386, 389; *Pisel* v. *Baking Co.* (1980), 61 Ohio St. 2d 142, 143, 15 O.O. 3d 175, 176, 399 N.E. 2d 1243, 1244, which quote and follow *Hawkins.*

In an earlier case, the court noted "wanton misconduct" involves positive, perverse action:

"Wanton misconduct is such con-

duct as manifests a disposition to perversity, and it must be under such surrounding circumstances and existing conditions that the party doing the act or failing to act must be conscious, from his knowledge of such surrounding circumstances and existing conditions, that his conduct will in all common probability result in injury. * * *

"* * * Wanton misconduct is positive in nature, while mere negligence is naturally negative." *Universal Concrete Pipe Co.* v. *Bassett* (1936), 130 Ohio St. 567, 5 O.O. 214, 200 N.E. 843, 119 A.L.R. 646, paragraphs two and three of the syllabus.

We have reviewed the record below and agree with the lower court that the evidence presented by the parties in the summary judgment proceedings, when construed in a light most favorable to appellants, fails to raise a genuine issue concerning whether appellee's conduct was willful or wanton misconduct. Although Karshner's deposition testimony indicates appellee could have used more care to protect spectators, the testimony also indicates appellee used some care. As discussed above, "wanton misconduct" involves the total absence of care.

With regard to appellants' claim that appellee is guilty of "willful misconduct," we note "willful misconduct" involves one's will. We find nothing in the record below demonstrates appellee intentionally created a risk of injury to the spectators.

Appellants' assignment of error is overruled.

It is ordered that appellee recover of appellants its costs herein taxed.

*Judgment affirmed.*

GREY and HARSHA, JJ., concur.