This case comes before the court on appeal from a judgment of the Lucas County Court of Common Pleas. The trial court granted summary judgment to appellee, the city of Toledo ("City"), and appellant, Teresa Leach, appeals that judgment. She sets forth the following assignment of error:
 "THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT APPELLEE'S MOTION FOR SUMMARY JUDGMENT ALTHOUGH THERE WERE GENUINE ISSUES OF MATERIAL FACT AND DEFENDANT WAS NOT ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW."
The undisputed facts of this case are as follows.
At approximately 1:30 a.m. on July 2, 1994, David Swantek, a Toledo Police Officer, and his partner, Gary Zolciak, were patrolling an area in the northern portion of the city of Toledo. The officers were in a marked Toledo police cruiser; Swantek was driving the cruiser.
While driving west on Walnut Street, the officers saw a motor vehicle leave the parking lot of an apartment complex at a high rate of speed with its tires squealing as it headed toward them on Walnut. When the driver of the vehicle sped through an intersection without stopping for a stop sign, Officer Swantek turned on his overhead lights, made a U-turn, activated his siren and began to pursue the speeding motor vehicle. At that point, the operator of the motor vehicle turned off his headlights and then turned onto a one-way street, traveling in the wrong direction. He then turned onto Locust Street where he ran three other stop signs. In attempting to turn left onto another street, the driver lost control of his vehicle, the vehicle jumped the curb and struck appellant, who was standing next to a pay phone. Appellant was injured as a result of the accident.
The driver of the vehicle was Albert Burgess, who was then fifteen years old. The motor vehicle was owned by Albert's mother, Paulette Reeves.
Leach first filed a negligence suit against Albert Burgess, Paulette Reeves and the City on March 13, 1995. She later voluntarily dismissed that case pursuant to Civ.R. 41(A).
On November 26, 1996, she commenced the instant action, also based on the injuries she received in the July 2, 1994 accident, naming only the City as a defendant. In her complaint, appellant alleged that Officers Swantek and Zolciak were negligent and/or wanton in their conduct during the pursuit of Burgess "in violation of regulations, as well as by applicable legal precedent." She further asserted that the officers were not on an "emergency call" as defined in R.C.2744.01(A), the definitions section of the Ohio Political Subdivision Tort Liability Act. Appellant contended, therefore, that the City was not immune from liability for causing her injuries and requested $1.5 million dollars in compensatory and punitive damages.
The City answered the complaint raising several defenses, including immunity from liability under R.C. Chapter 2744 and the barring of appellant's claim by the applicable statute of limitations. The City then asked the trial court for leave to transfer certain documents from appellant's dismissed case to the present case. These consisted of the deposition of Theresa Leach, the deposition of Officer Zolciak and "Exhibit 3," a compilation of documents from the juvenile court related to the delinquency proceeding instituted against Burgess as a result of the accident.
The City then filed a motion for summary judgment delineating several bases for their motion. These were: (1) The City was immune from liability pursuant to R.C. 2744.03(A)(2); (2) The City was immune from liability under the public duty rule; (3) The City was immune from liability pursuant to R.C.2744.02(A)(1) and (B)(1)(a); (4) lack of proximate cause between Swantek's conduct and appellant's injury; (5) the claim based on a "violation of regulations" and the claim for punitive damages were barred by the applicable statute of limitations. In the alternative, the City argued that police regulations are internal policies and do not establish a duty upon which liability can be based; and (6) municipalities are immune from liability for any punitive damages. The City supported its motion with the affidavit of Officer Swantek, the depositions of Officer Zolciak and Theresa Leach and Exhibit 3.
Appellant filed a memorandum in opposition. She relied on the materials submitted by the City. Appellant also relied on a judgment entry from the dismissed case, the affidavit of Harold Thompson and Toledo Police Department Field Policy 231.30. Appellant conceded that she could not recover punitive damages from the City. The City filed a reply.
On June 8, 1998, the trial court granted appellee's motion for summary judgment. The trial court found that the City was entitled to summary judgment on the grounds of immunity. The court held:
 "This was an emergency call; there is no evidence of negligence or wanton and wilful activity on the part of the officers; the injury to Ms. Leach was not proximately caused by the City and punitive damages are barred by the statute of limitations."
The standard applicable to this case is found in Civ.R. 56(C). Summary judgment under Civ.R. 56 is appropriate when the movant demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party; said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp.
(1995), 73 Ohio St.3d 679, paragraph three of the syllabus.
The party moving for summary judgment under Civ.R. 56 bears the burden of showing that there is no genuine issue of material fact on the essential elements of the nonmoving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. If the moving party satisfies this burden, the nonmoving party has a reciprocal burden, as outlined in Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial. A summary judgment motion must be overcome by specific and provable facts and not mere allegations; evidence of a possible inference is insufficient. Jackson v. Alert Fire andSafety Equip Inc. (1991), 58 Ohio St.3d 48, 52; Cox v.Commercial Parts Serv. (1994), 96 Ohio App.3d 417, 421.
The key to the grant of a summary judgment motion is that there must be no genuine issue as to a material fact. Material facts are determined by substantive law. Only disputes over facts that might affect the outcome of a suit under governing law will properly preclude the grant of a motion for summary judgment. Irrelevant and unnecessary factual disputes will not be counted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242,247-248; Perez v. Scripps-Howard Broadcasting (1988), 35 Ohio St.3d 215.
The substantive law in this case is found in R.C. Chapter 2744, the Ohio Political Subdivision Tort Liability Act. R.C.2744.02(A)(1) provides that a political subdivision is generally immune from tort liability for injury, death, or loss to persons or property incurred in connection with the performance of a governmental or proprietary function of the political subdivision. R.C. 2744.02(B) lists several exceptions to this general grant of immunity for political subdivisions.
In the case before us, the City may be held liable under R.C.2744.02(B)(1) for the negligence of one of its employees in the operation of a motor vehicle within the scope of the employee's employment and authority. Officers Swantek and Zolciak are employees of the City and were allegedly negligent in the operation of their police cruiser during the performance of their duties. Nevertheless, the City is immune from liability under R.C. 2744.02(B)(1) if the alleged negligence occurred when one of its police officers was "operating a motor vehicle while responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct." R.C.2744.02(B)(1)(a).
Appellant contends that a question of fact exists as to the speed at which Swantek was operating the police cruiser and as to whether he followed Toledo Police Field Policy for pursuits by stopping or slowing at each of the three stop signs on Locust Street. Appellant argues that this is evidence of negligent and/or willful or wanton conduct.
It is undisputed that the streets were dry and the sky was clear on the morning of the pursuit, which covered approximately five blocks and lasted about ninety seconds. There was no vehicular traffic along the pursuit route. Swantek and Zolciak estimated that appellant was traveling at a rate of fifty to fifty-five miles per hour (in a twenty-five mile per hour zone). The officers stated that their speed was somewhere between forty and forty-five miles per hour and that they either slowed or stopped at all intersections. Swantek averred that the police car was three-fourths of a block behind Burgess when the accident occurred; Zolciak testified that they were one block behind Burgess at the time of the crash and that Burgess was out of the vehicle and standing on the grass when they arrived at the scene.
Appellant offered the affidavit of Harold Thompson[1], who asserted that he witnessed the accident. According to Thompson, the vehicle that struck appellant "was doing approximately 60 M.P.H. * * * and the police car that was in pursuit was not right on his tail, but the police vehicle were [sic] keeping up with the vehicle being chased which went up over the curb." Appellant insists that this creates a conflict on the issue of negligence and/or willful and wanton conduct on the part of the police officers in operating their motor vehicle. We disagree.
Initially, and to the extent that appellant argues that the internal policies of the Toledo Police Department relating to pursuits may be used as a basis for voiding the shield of immunity provided to the City under R.C. Chapter 2744, we conclude that these internal policies may not be used in such a manner. Horton v. Dayton (1988), 53 Ohio App.3d 68, 71;Johnson v. Patterson (Oct. 27, 1994), Cuyahoga App. No. 66327, unreported. If raised as evidence of negligence and willful or wanton misconduct, the conclusory allegation that the officers were not slowing or stopping at certain intersections is insufficient to create a question of fact as to the officers' conduct during the pursuit.
All that can be inferred from the Thompson affidavit is that Burgess was traveling at sixty miles per hour. The affidavit is consistent with the officers' statements in that they were "keeping up" with Burgess but were not in close pursuit. We cannot infer from the affidavit that the officers were traveling at sixty miles per hour or that they were failing to slow or stop at intersections. Therefore, appellant failed to offer any specific fact creating a question of fact on the issue of whether the police officers were negligent,i.e., breached any duty to appellant, in the operation of their motor vehicle during the pursuit. Consequently, the undisputed facts show that the officers pursued the Burgess vehicle with the lights and siren operating and exercised due care during that pursuit and, as a result, the City was entitled to summary judgment as a matter of law.
Assuming, arguendo, that the officers were negligent in the operation of their vehicle during the pursuit, the City is immune from liability under R.C. 2744.02(B)(1)(a). Appellant maintains, however, that the officers were not on an "emergency call" and that a genuine issue of material fact exists as to whether the officers engaged in willful or wanton misconduct.
"Emergency call" is defined in R.C. 2744.01(A) as "a call to duty, including, but not limited to, communications from citizens, police dispatches, and personal observations by peace officers of inherently dangerous situations that demand an immediate response on the part of a peace officer." In her brief, appellant argues that not every traffic violation is sufficiently urgent to trigger an immediate response from law enforcement officials. She asserts that running a stop sign is one of these non-urgent circumstances.
The issue of whether an officer is on an "emergency call" may be determined as a matter of law where triable questions of fact are not present. Lewis v. Bland (1991), 75 Ohio App.3d 453,457. It is the urgent call to duty, not the degree of actual danger, which triggers immunity under R.C.2744.02(B)(1)(a). Brockman v. Bell (1992), 78 Ohio App.3d 508,514, n. 2.
In the present case, the undisputed facts reveal that the police officers were urgently called to duty when they observed a car speeding out of a driveway, with its tires squealing, and then proceeding with continuing speed through a stop sign. It is an officer's duty, upon observing a motor vehicle being recklessly operated, to apprehend the motorist who is endangering others. Lewis v. Bland, 75 Ohio App.3d at 456, quoting Dewald v. State (Wyo. 1986), 719 P.2d 643, 650. On the other hand, law enforcement officers have no duty to refrain from chasing a person who violates the traffic laws. Rahn v.Whitehall (1989), 62 Ohio App.3d 62, 65-66. Burgess's operation of the motor vehicle created a dangerous situation both to himself and to others. Therefore, the trial court did not err in finding that Swantek and Zolciak were on an "emergency call" as a matter of law.
Finally, willful conduct "implies an act done intentionally, designedly, knowingly, or purposely, without justifiable excuse." State v. Earlenbaugh (1985), 18 Ohio St.3d 19, 21. Wanton conduct is the failure to exercise any care whatsoever toward those to whom a duty of care is owed, under circumstances where there is a great probability that harm will result. Guysinger v. K.C. Raceway, Inc. (1990), 54 Ohio App.3d 17. Where reasonable minds cannot differ, the issue of whether there is wanton or willful misconduct can be decided as a matter of law. Lewis v. Bland, 75 Ohio App.3d at 457.
Appellant failed to offer any evidence of willful or wanton conduct on the part of the police during the pursuit. Moreover, we have already determined that appellant failed to offer specific facts creating a question of fact at to whether the conduct of the police officers rose to the level of negligence.A fortiori, no question of fact was created as to whether that conduct was willful or wanton. Thus, no genuine issues of material fact remained to be litigated and summary judgment was appropriately granted to the City.
Although we agree with the trial court's ruling regarding "proximate cause[2]," we need not address this issue because the trial court correctly granted summary judgment on the basis of sovereign immunity. The same reasoning is applicable to the "Public Duty Rule," an issue that was not considered by the trial court in reaching its judgment.
For the foregoing reasons, appellant's sole assignment of error is found not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant, Theresa Leach, is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. ---------------------------- JUDGE
Melvin L. Resnick, J. ---------------------------- JUDGE
Richard W. Knepper, J. CONCUR. ---------------------------- JUDGE
[1] The City claims that appellant was required to transfer this affidavit from the dismissed case and did not do so. The City therefore claims that the court could not consider the affidavit. The basis of the City's argument is that the voluntary dismissal had the effect of dissolving all preceding rulings and placing the parties back into the position they held prior to the commencement of the action. While we agree with the City as to the effect of a voluntary dismissal on interlocutory orders in a voluntarily dismissed case, seeZimmie v. Zimmie (1984), 11 Ohio St.3d 94, 95; Nielsen v.Firelands Rural Electric Cooperative, Inc. (Sept 24, 1997) Huron App. No. H-97-30, unreported, we find that appellant could re-file the Thompson affidavit in the present case as support for her memorandum in opposition to the City's motion for summary judgment. Civ.R. 56(E) provides that the nonmoving party can respond to the motion for summary by affidavit or otherwise. The City never challenged the admissibility of the affidavit offered by appellant and the court considered that affidavit. Thus, we shall address appellant's arguments concerning the alleged facts in that affidavit on appeal.
[2] See Lewis v. Bland, 75 Ohio App.3d at 456, Sanchez v. Canton
(Jan. 26, 1998), Stark App. No. 97-CA-00187, unreported.