**WOOTEN, Appellant,**

v.

**CITY OF COLUMBUS, Division of Water, Appellee.**

[Cite as *Wooten v. Columbus, Div. of Water* (1993), 91 Ohio App.3d 326.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–815.

Decided Dec. 7, 1993.

---

*Perry–Dieterich & Associates* and *Robert J. Perry,* for appellant.

*Ronald J. O'Brien,* City Attorney, and *Stephanie Mitchell–Hughes,* Assistant City Attorney, for appellee.

WHITESIDE, Judge.

Plaintiff, Roger Wooten, appeals from a decision of the Franklin County Court of Common Pleas granting summary judgment to defendant, city of Columbus, Division of Water. Plaintiff raises three assignments of error, as follows:

"I. The trial court erred in granting defendant's motion for summary judgment on plaintiff's first cause of action (Section 504) since a genuine issue of material fact existed as to whether plaintiff was 'handicapped' as that term is used in Section 504 of the rehabilitation act.

"II. The trial court erred when it granted defendant's motion for summary judgment on plaintiff's second cause of action (state law claim) since a genuine issue of material fact existed as to whether defendant took any action because plaintiff was handicapped.

"III. The trial court erred as a matter of law when it limited the operation of the Ohio civil rights statute to exclude reassignment to a vacant position as a reasonable accommodation for a handicapped employee."

The evidence construed most strongly in plaintiff's favor indicates the following: Plaintiff was employed on August 4, 1986, by the city of Columbus, Department of Public Utilities and Aviation, Division of Water, as a "provisional plant maintenance mechanic." This position requires the performance of corrective and preventative maintenance on a variety of mechanical equipment. Physically, the position requires the ability to exert up to one hundred pounds of force occasionally, fifty pounds of force frequently, and up to twenty pounds of force constantly. The position is in the competitive class under the civil service, which requires that all provisional employees take and pass a competitive examination administered by the Civil Service Commission prior to receiving a permanent appointment.

Prior to his employment with the city, plaintiff suffered substantial hearing loss as a result of exposure to high noise levels while employed at Buckeye Steel. The city was aware of his hearing loss at the time he was hired. On October 12, 1989, during his employment with the city, plaintiff suffered another significant work-related injury, a right inguinal hernia. Plaintiff was granted approximately five months' injury leave, during which he was operated on twice in an attempt to repair his hernia. Plaintiff returned to work in March 1990 when, in a matter of days, he sustained a reinjury and again suffered a hernia. A third operation ensued, after which his physician, Dr. Hostetter, placed a permanent twenty-pound lifting restriction on plaintiff's activities. Plaintiff returned to work under the lifting restrictions on April 16, 1990.

Soon after plaintiff's return, defendant concluded that plaintiff's inability to lift more than twenty pounds prevented him from performing all the duties of a plant maintenance mechanic. Defendant contends that the Division of Water has no "light duty" positions which plaintiff can perform; therefore, plaintiff was placed on disability leave.

While plaintiff was on disability leave, the civil service commission administered a competitive examination for all provisional plant maintenance mechanics. Because he was not notified, plaintiff did not take the examination. On March 2, 1991, plaintiff was terminated from his employment allegedly based on his not taking the civil service examination, causing his name not to appear on the civil service eligibility list for plant maintenance mechanics.

On April 30, 1992, plaintiff filed his complaint, alleging handicap discrimination in violation of Section 504 of the Rehabilitation Act of 1973, Section 794, Title 29, U.S. Code. The complaint was amended on May 12, 1992, to include a claim under R.C. 4112.02 and 4112.99. An answer was filed, and both parties began discovery. On February 16, 1993, defendant filed a motion for summary judgment or, in the alternative, a motion to dismiss. Plaintiff filed a memorandum contra, and the trial court issued its decision on April 22, 1993. The trial court found plaintiff had failed to present a *prima facie* case of handicap discrimination, as required by R.C. 4112.01(A)(13), and plaintiff was not handicapped as defined in Section 504 of the Rehabilitation Act of 1973, Section 794, Title 29, U.S. Code. Based on the foregoing, the trial court sustained defendant's motion for summary judgment and filed a judgment entry on May 18, 1993. Plaintiff filed a timely appeal, and the matter is now before this court.

■ Summary judgment is governed by Civ.R. 56(C), which provides as follows:

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, [and] answers to interrogatories * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

As held in the second paragraph of the syllabus of *AAAA Enterprises, Inc. v. River Place Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 553 N.E.2d 597:

"Regardless of who may have the burden of proof at trial, the burden is upon the party moving for summary judgment to establish that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. The evidentiary material submitted by the movant may be relied upon by the respondent in support of the latter's argument that there is a genuine issue of material fact."

There is no default summary judgment in Ohio; therefore, the burden of establishing that no genuine issue of material fact exists and that judgment should be granted in its favor as a matter of law falls squarely on defendant, the moving party. A review of the record reveals that defendant did not carry its burden and, therefore, summary judgment was improper.

Plaintiff assigns as error the trial court's determination that he was not handicapped as defined by Section 504 of the Rehabilitation Act of 1973, Section 794, Title 29, U.S.Code.

A handicapped individual is defined for purposes of the Rehabilitation Act of 1973, in Section 706(8)(B), Title 29, U.S.Code, as "any person who (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such impairment, or (iii) is regarded as having such an impairment."

Plaintiff's hearing loss clearly qualifies him as handicapped as defined by the statute. Furthermore, the evidence presented reveals plaintiff's hernia prevents him from lifting weights in excess of twenty pounds. This disability has not only interfered with plaintiff's ability to work, but also interferes with his major life activities. Plaintiff testified in his deposition, which was included in the record for purposes of summary judgment, "I don't carry groceries in, I wouldn't push the lawn mower. I won't bathe the dog, or lift him. * * * I won't change a tire." The evidence reveals that plaintiff's disability has imposed significant restrictions on his day-to-day activities. It has not merely limited his ability "to perform only one job" as stated by the trial court. The evidence reveals that plaintiff's disability has limited one or more of his major life activities, and also he has a record [1] of such disability; therefore, as a matter of law plaintiff is handicapped as defined in Section 706(8)(B), Title 29, U.S.Code. Plaintiff's first assignment of error is well taken.

Plaintiff's remaining assignments of error pertain to the trial court's dismissal of his state discrimination claim. Handicap discrimination in employment is prohibited by R.C. 4112.02, which reads in pertinent part:

"*It shall be an unlawful discriminatory practice:*

---

1. Plaintiff's past history of handicap impairment is documented in his employment records.

"(A) *For any employer, because of* the race, color, religion, sex, national origin, *handicap,* age, or ancestry of any person, *to discharge* without just cause, to refuse to hire, *or otherwise to discriminate against that person* with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." (Emphasis added.)

To support a claim for violation of R.C. 4112.02, plaintiff must, at trial, initially present a *prima facie* case of handicap discrimination. To defend against a motion for summary judgment, plaintiff should demonstrate that there is a genuine issue of material fact as to whether (1) he is handicapped, (2) action was taken by his employer (at least in part) because he was handicapped, and (3) even though plaintiff is handicapped, he can safely and substantially perform the essential functions of the job in question with reasonable accommodations. *Hazlett v. Martin Chevrolet, Inc.* (1986), 25 Ohio St.3d 279, 25 OBR 331, 496 N.E.2d 478; and *Asplundh Tree Expert Co. v. Ohio Civ. Rights Comm.* (1991), 68 Ohio App.3d 550, 589 N.E.2d 102. "Handicap" is defined in R.C. 4112.01(A)(13), as follows:

" 'Handicap' means a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment."

■ The evidence in the record construed in plaintiff's favor as required by Civ.R. 56 supports a finding that plaintiff's disabilities substantially limit his ability to hear and to perform manual tasks and work. Such impairments render plaintiff "handicapped" as defined by R.C. 4112.01(A)(13). There is a genuine issue of fact as to the first element of a *prima facie* case of handicap discrimination.

Second, there must be a genuine issue of fact as to whether the city's actions were a result of plaintiff's handicaps. Moreover, that they were is essentially undisputed. The city contends there is a legitimate business reason for terminating plaintiff unrelated to his handicap, which plaintiff fails to acknowledge. This alleged reason is his failure to take the test to qualify for the civil service eligibility list for his position, which he admittedly is unable to perform fully because of his handicap. However, the evidence, viewed most favorably to plaintiff as required by Civ.R. 56, reveals a genuine issue of material fact as to whether the city's actions were taken for a nondiscriminatory reason. No accommodation was offered to plaintiff in connection with the position he held or any other position he could perform.

Evidence in the record includes the following: plaintiff worked several weeks under lifting restrictions prior to being involuntarily placed on disability leave. Plaintiff's supervisor, upon relieving plaintiff of his duties as a plant maintenance mechanic, allegedly said: "With all your problems, if you were a horse I'd take you out back and shoot you."[2] The city did not notify plaintiff of the civil service examinations. Plaintiff was employed by the Division of Water, which is part of the Department of Public Utilities and Aviation. Plaintiff applied for other jobs, for which he was qualified, also within the Department of Public Utilities and Aviation[3] but was not considered for these positions. Eventually, plaintiff was told by the Assistant Administrator of Public Utilities, Division of Water, to stop inquiring about open positions. Plaintiff was terminated for not appearing on the civil service eligibility list, even though the city failed to notify him the tests were being administered, and no job accommodation was offered.

Construing the evidence most favorably to plaintiff, for purposes of the summary judgment motion, reasonable minds could differ as to whether plaintiff was the subject of handicap discrimination, that is, whether the city's actions in dismissing plaintiff were solely for nondiscriminatory reasons or were taken, in large part, because of plaintiff's handicap. For purposes of summary judgment, defendant has not carried its burden of demonstrating there to be no genuine issue of material fact or that it is entitled to judgment in its favor as a matter of law since reasonable minds could reach different conclusions when the evidence is construed most strongly in plaintiff's favor. The trial court was in error in stating there to be no evidence in the record that the city's actions were predicated upon plaintiff's handicap. There is substantial evidence to that effect, even though a finding for the city might be appropriate if the evidence be construed or weighed in its favor.

Finally, to recover, plaintiff must be a qualified handicapped individual, a person who, even though handicapped, can safely and substantially perform the essential functions of an available job or his former position with reasonable accommodation. A "qualified handicapped person" is defined in Ohio Adm.Code 4112-5-02(K) as "a handicapped person who can safely and substantially perform the essential functions of the job in question, with or without reasonable accommodation * * *." Reasonable accommodations include but are not limited to job restructuring, acquisition or modification of equipment or devices, realignment of duties, revision of job descriptions or modified and part-time work schedules.

---

2. See affidavit of Roger Wooten attached to plaintiff's memorandum contra defendant's motion for summary judgment.

3. The appointing authority for the department is the director, regardless of which division of the department is involved. Section 100, Columbus City Charter.

Ohio Adm.Code 4112–5–08(E)(2). Accommodations for handicapped workers are unreasonable only if they place an undue hardship on the employer. The burden of showing *undue hardship* is upon the employer. See *Greater Cleveland Regional Transit Auth. v. Ohio Civ. Rights Comm.* (1989), 58 Ohio App.3d 20, 567 N.E.2d 1325.

 Plaintiff concedes that his inability to lift weights in excess of twenty pounds precludes him from performing one essential function of a plant maintenance mechanic. Plaintiff contends, however, the reasonable accommodation due him includes reassignment to a vacant position for which he is qualified and can perform. Plaintiff's contention is correct.

 That "reasonable accommodation" includes reassignment to an available, related vacant position is almost axiomatic. R.C. 4112.02 prohibits handicap discrimination not only with respect to discharge but also with respect to conditions of employment, tenure of employment, hiring for a vacant position, and any other "matter directly or indirectly related to employment." The purpose and intent of R.C. Chapter 4112 and other applicable laws prohibiting handicap discrimination necessarily includes reassignment to a vacant, related position as a reasonable accommodation an employer must make for a handicapped employee rendered unable to perform the duties of his position absent a showing of undue hardship to the employer. Reasonable accommodation includes both reasonable modification of the duties of the existing position, if feasible, and transfer, reassignment, or hire into a vacant position the handicapped employee can perform both physically and by qualification.

R.C. Chapter 4112 is a remedial statute enacted for the purpose of preventing, *inter alia,* handicap discrimination in employment. R.C. 4112.08 requires that the provisions of R.C. Chapter 4112 must be liberally construed for the accomplishment of its purposes. When interpreting R.C. Chapter 4112, it is not inappropriate to look to analogous federal statutes such as the Rehabilitation Act of 1973, Section 708 *et seq.,* Title 29, U.S.Code and the Americans with Disabilities Act of 1990, 104 Stat. 327, Section 12101, Title 42, U.S.Code, as amended, R.C. 4112.02 appearing to confer equal or greater rights on a handicapped employee.

 The Rehabilitation Act of 1973, Section 794, Title 29, U.S.Code, and the Americans with Disabilities Act, Section 12101, Title 42, U.S.Code, define reasonable accommodation to include reassignment to a vacant position. See Section 12111(9)(B), Title 42, U.S.Code. While the question of whether reasonable accommodation includes reassignment was an open one under the Rehabilitation Act of 1973, the Act was amended in 1992, as follows:

"(d) Standards used in determining violation of section.

"The standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990 (42 U.S.C. 12111 *et seq.*) and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201–12204 and 12210), as such sections relate to employment."

Clearly, under federal law reasonable accommodation of a handicapped employee includes reassignment to an appropriate vacant position which must be offered. It is not necessary that a new, unneeded position be created, but, rather, if a new disability prevents an employee from performing his present job, an effort to place him in an existing position which is vacant and for which he is qualified and can perform must be made.

 R.C. Chapter 4112 was in 1990, and still is, as broad as if not broader than the present federal laws prohibiting handicap discrimination. Additionally, R.C. 4112.02 was recently amended to state in new subsection (Q) that

"(2) Divisions (A) to (E) of this section do not prohibit an employer * * * from doing any of the following:

" * * * *

"(f) Exercising other authority recognized in 'The Americans with Disabilities Act of 1990.' 104 Stat. 327, 42 USCA 12101, as amended, including but not limited to, requiring employees to comply with any applicable federal standards."

Furthermore, Section 3 of Am.Sub.H.B. No. 321, eff. June 30, 1992, which was the bill enacting the above-noted amendment to R.C. 4112.02,[4] stated in pertinent part:

"It is the intent of this section to prevent the amendment of section 4112.02 of the Revised Code that was to have taken effect January 1, 1994. The combined effect of this action and a complementary amendment made to existing section 4112.02 of the Revised Code by Section 1 of this act is not substantive."

This provision evidences the understanding of the General Assembly that R.C. Chapter 4112 is and has been at least as broad, if not broader, in scope than even the New Americans with Disabilities Act, which has been held to have created new substantive rights, thus preventing its retroactive application. See *Raya v. Maryatt Industries* (N.D.Cal.1993), 829 F.Supp. 1169, and *Major v. Southeastern Pennsylvania Transp. Auth. & Transport Workers Union* (U.S.D.C. E.D.Pa.

---

4. Section 3 of Am.Sub.H.B. No. 321 repealed that version of R.C. 4112.02 which was to have taken effect on January 1, 1994. See Am.Sub.H.B: No. 314, 143 Ohio Laws, Part III, 4154. The interim version of R.C. 4112.02 and both amendments contain the identical language under R.C. 4112.02(A) in respect to handicap discrimination.

1993), 1 Americans with Disabilities Decisions 380, 1993 WL 21212. The Ohio General Assembly clearly recognizes, by stating that the amendments to R.C. 4112.02 are not "substantive," that the protection afforded victims of discrimination is at least as great, if not greater, under existing Ohio law as it read prior to 1993 than under the new federal laws.

In liberally construing R.C. Chapter 4112, the minimum standards were in 1990 and are now at least those outlined in the Americans with Disabilities Act, Section 12101, Title 42, U.S.Code. Under R.C. Chapter 4112, as under Section 12101, Title 42, U.S.Code, reasonable accommodation includes reassignment to vacant positions for which the handicapped employee is qualified and can perform.

Defendant has not established that there are no genuine issues as to any material facts on the issue of whether reasonable accommodation was afforded plaintiff. Summary judgment was, therefore, contrary to law. The second and third assignments of error are well taken.

For the foregoing reasons, all three of plaintiff's assignments of error are sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law, consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG and REILLY, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.