**Joan Lee BLANKENSHIP,**
**Plaintiff–Appellant,**

v.

**MARTIN MARIETTA ENERGY SYSTEMS, INC., Defendant–Appellee.**

No. 94–4263.

United States Court of Appeals,
Sixth Circuit.

Argued April 11, 1996.

Decided May 10, 1996.

Teresa L. Cunningham (argued and briefed), Cincinnati, OH, for Plaintiff–Appellant.

Bradley Keith Sinnott (argued and briefed), Vorys, Sater, Seymour & Pease, Columbus, OH, for Defendant–Appellee.

Before: MERRITT, Chief Judge; MILBURN, Circuit Judge; ZATKOFF,* District Judge.

* The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

ZATKOFF, District Judge.

Plaintiff Joan Lee Blankenship appeals the district court's decision granting summary judgment to defendant Martin Marietta Energy Systems, Inc. in this handicap discrimination case. On appeal, the issues are (1) whether plaintiff established a prima facie case of handicap discrimination during her paid leave of absence and (2) whether plaintiff established a prima facie case of handicap discrimination when she was terminated. For the reasons that follow, the judgment of the district court is affirmed.

## I.

Plaintiff began working as a mail clerk at Martin Marietta on October 3, 1973. Martin Marietta operates a high security uranium enrichment facility in Piketon, Ohio under a contract with the United States Department of Energy ("DOE"). Prior to commencing her employment, plaintiff was granted a "Q" clearance security access authorization ("security clearance") by the DOE; the DOE requires that all plant employees receive a security clearance. Plaintiff became a Production Process Operator in 1976, and she held that position until terminated on May 14, 1992. During that time, plaintiff's employment was governed by a collective bargaining agreement ("Agreement").

On November 1, 1986, plaintiff took a medical leave for schizophreniform disorder. During her medical leave, Martin Marietta restricted her access to the Piketon plant and notified plaintiff that she would be denied access until approval was obtained from the DOE. Thus, even though Martin Marietta's physician cleared plaintiff to return to work in January 1987, plaintiff was placed on paid leave of absence pending security approval by the DOE.

On July 10, 1989, the DOE officially suspended plaintiff's security clearance. Plaintiff requested a review of her suspension and was granted a hearing in July 1990. Although the hearing officer recommended that plaintiff's security clearance be reinstated,

the DOE rejected the recommendation and permanently revoked her security clearance on May 13, 1992. The following day, Martin Marietta terminated plaintiff.

## II.

Ohio law controls this diversity case brought under the Ohio handicap discrimination statute, Ohio Revised Code ("ORC"), Chapter 4112, which provides in pertinent part:

It shall be an unlawful discriminatory practice:

(A) For any employer, because of ... handicap ... to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

ORC Ann. § 4112.02 (Baldwin 1995).

■ To survive summary judgment, a plaintiff must first establish a prima facie case of handicap discrimination. Accordingly, the plaintiff must show that there is a genuine issue of material fact that: 1) she is handicapped; 2) action was taken by her employer, at least in part because she is handicapped; and 3) she can safely and substantially perform the essential functions of the job in question with reasonable accommodations. *Hazlett v. Martin Chevrolet, Inc.,* 25 Ohio St.3d 279, 496 N.E.2d 478 (1986); *Wooten v. City of Columbus,* 91 Ohio App.3d 326, 632 N.E.2d 605, 608–09 (1993). Once plaintiff establishes a prima facie case, the burden of production shifts to Martin Marietta to show that the "challenged criteria" are job related, required by business necessity, and that no reasonable accommodation is possible. *Jasany v. United States Postal Serv.,* 755 F.2d 1244, 1249–50 (6th Cir.1985). However, if a plaintiff fails to establish a prima facie case, the court need not reach the question of reasonable accommodation. *Id.*

## III.

Plaintiff has met her burden of showing that genuine issues of material fact exist for the first two steps of the *Hazlett* test. Plaintiff has a handicap, *see* ORC § 4112.01(A)(13), and Martin Marietta took employment action against her, at least in part because of her handicap. The question, both with respect to the five and one-half year paid suspension and the termination, is whether plaintiff can "substantially perform the essential functions of the job in question with reasonable accommodations."

## IV.

■ Plaintiff first maintains that Martin Marietta should have made reasonable accommodations by reassigning her to a position not requiring security clearance while her clearance was suspended. Blankenship relies on *Wooten v. City of Columbus,* 91 Ohio App.3d 326, 632 N.E.2d 605 (1993), wherein the court held that reasonable accommodation under Chapter 4112 "includes reassignment to vacant positions for which the handicapped employee is qualified and can perform," a position as broad as the federal laws prohibiting handicap discrimination. *Id.* 632 N.E.2d at 611; *Little Forest Medical Ctr. v. Ohio Civil Rights Comm.,* 61 Ohio St.3d 607, 609–10, 575 N.E.2d 1164 (1991), *cert. denied,* 503 U.S. 906, 112 S.Ct. 1263, 117 L.Ed.2d 491 (1992). *See also School Board of Nassau County v. Arline,* 480 U.S. 273, 289 n. 19, 107 S.Ct. 1123, 1131 n. 19, 94 L.Ed.2d 307 (1987) (an employer need not create a job but cannot deny an employee alternative employment opportunities reasonably available under the employer's existing policies).

Under *Wooten* and ORC Chapter 4112, the Court must consider whether Blankenship presented a genuine issue of material fact as to whether, during her suspension, she could have "safely and substantially perform[ed] the essential functions of an available job." *Wooten,* 632 N.E.2d at 610. The Court finds that she cannot.

Pursuant to DOE policy, plaintiff was not eligible to work in the plant pending resolution of her security clearance status. The DOE recommended that Martin Marietta pay plaintiff's salary until further notice or reassign her to an area not requiring securi-

ty clearance during her suspension. When Martin Marietta continued to pay plaintiff her salary, it abided by the DOE's recommendation. Additionally, under the Agreement, Martin Marietta had no obligation to reassign plaintiff while her security clearance was suspended. In fact, the Agreement provided that "[s]hould the security clearance granted to any employee be suspended ... by the DOE, such employee may be discharged immediately ..." JA at 83–84; Agreement, Art. VIII. Accordingly, the Court concludes that Martin Marietta did not discriminate against plaintiff when it placed her on paid leave pending the resolution of her security clearance. Further, no reasonable accommodation was necessary.

## V.

When she was terminated, Blankenship was a Production Process Operator at Martin. Any person holding such a position must have DOE security clearance. The uncontroverted evidence in this case is that without security clearance, a person could not satisfy the requirements of any job in the plant. JA at 91A; McLaughlin Affidavit. Therefore, the district court correctly found that plaintiff could not safely and substantially perform the essential functions of her job, or any job in the plant.

The Agreement also provides that "[s]hould the security clearance granted to any employee be ... canceled by the DOE, such employee may be discharged immediately ..." JA at 84. The undisputed evidence is that Martin Marietta never retained an employee after the DOE revoked the security clearance. Thus, no grounds exist upon which plaintiff can recover for her termination, and the issue of reasonable accommodation need not be addressed.

## VI.

This case has revealed some alarming DOE practices which this Court finds to be of sufficient public concern to prompt the following comments. The Court must question the reasonableness of paying an employee to stay home for five and one-half years. A five and one-half year period of review of an employee's security clearance is unduly excessive, wholly unwarranted, and completely unjustifiable, to say nothing of inconvenient for the employee awaiting the DOE's decision.

More significantly, as Martin Marietta contracts with the DOE for this facility, United States' taxpayers are ultimately footing the bill for the paychecks of the suspended employees. This Court is appalled that the DOE has the audacity, as well as the unmitigated discretion, to indefinitely disburse paychecks, i.e., public monies, without receiving any benefit in return. The Court is confident that Congress and/or the DOE could utilize the taxpayers' monies in a more reasonable and fruitful manner. More succinctly, the Court trusts that Congress and/or the DOE *will remedy* this inexplicable waste of public funds.

## VII.

For the reasons stated, the judgment of the district court is AFFIRMED.