**Michael WOOD, et al., Plaintiff,**

v.

**James RATHFELDER, Defendants.**

No. 3:00CV7004.

United States District Court,
N.D. Ohio,
Western Division.

Oct. 12, 2000.

Michael David Portnoy, Pheil & Wisniewski, Perrysburg, OH, for Plaintiff.

James R. Gucker, Shuff Law Offices, Tiffin, OH, for Defendants.

## ORDER

CARR, District Judge.

This is a housing discrimination lawsuit by a tenant alleging she was urged by her landlord to vacate the leased premises due to her disability. This court has jurisdiction pursuant to 42 U.S.C. § 3613. Pending is defendant's motion for summary judgment. For the following reasons, the motion shall be granted.

## BACKGROUND

Defendant James Rathfelder purchased and thereafter owned the property located at 2224 N. River Rd., Fremont, Ohio in 1985. (Rathfelder Dep. at 19). The property consisted of a house, outbuildings, and farm ground. (Rathfelder Aff. at ¶ 3).

Plaintiffs Michael and Loriann Wood rented a residence located on the farm from the previous owner. The parties made an oral agreement, whereby plaintiffs would continue renting the residence on a month to month basis for one-hundred dollars ($100.00) per month. (Rathfelder Dep. at 20, Rathfelder Aff. at ¶ 4). The sum was later increased. (Id.).

During April, 1998, defendant talked with his attorney, Roger Culbert, and his insurance agent, Rick Frank, regarding the condition of the premises being rented to the Woods. (Culbert Dep. at 8). Defendant was concerned about his potential liability because Loriann Wood had stepped through a rotten board in the barn floor, and had also fallen on the cellar steps. (Id. at 8, 12–13). Because the condition of the house was poor, exposing defendant to potential liability, defendant indicated to Culbert that he would like to terminate the month to month tenancy with the Woods. (Id. at 8–10).

Culbert then prepared a 30 day notice to terminate the month to month tenancy. Defendant then hand-delivered the letter to the Woods on April 28, 1998. (Culbert Dep. at 9). The notice stated:

> I, Jim Rathfelder, hereby give you notice that I am terminating the current month to month rental agreement I have with you for the above-captioned premises effective May 31, 1998. (Def.Exh.1).

On April 29, 1998, plaintiff's attorney, Michael D. Portney, contacted Culbert, stating that if the eviction proceeded, the Woods would sue under the ADA because Loriann Wood was disabled. (Culbert Dep. at 10).

Defendant maintains that the termination notice had nothing to do with Loriann Wood's disability. (Rathfelder Dep. at 48, Culbert Dep. at 10, 23). The Woods, however, claim that defendant specifically gave the termination notice because of his concern over Loriann's disability and the risk of her falling. (Michael Wood Dep. at 11, Loriann Wood Dep. at 42–46).

After Portney contacted Culbert, plaintiffs continued living in the residence and paying rent. Defendant took no further actions to evict them. The Woods continued their tenancy until January 1, 1999, when they gave defendant a "20 day notice" that they were terminating their rental agreement. (Def.Exh.3). On January 4, 2000 plaintiffs filed a complaint claiming that defendant discriminated against plaintiff, Loriann Wood on the basis of her disability.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. 2548. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(e)).

Once the burden of production shifts, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is insufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

## II. The Fair Housing Act and O.R.C. § 4112.02(H)(4)

The Fair Housing Act Amendments, (FHAA), declare that it is unlawful "to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of— (A) that person; ... Or (B) a person residing in ... that dwelling." 42 U.S.C. § 3604(f)(2). Under the FHAA, "handicap" means a physical or mental impairment which substantially limits one or more of a person's major life activities. 42 U.S.C. § 3602(h)(1).

Plaintiffs can establish a violation of the FHAA provision making it unlawful to discriminate in the sale or rental of property based on a handicap by showing a discriminatory intent by defendant, or a disparate impact, meaning the effect of defendant's action is unnecessarily discriminatory even though no intent to discriminate is proved. *Epicenter of Steubenville, Inc. v. City of Steubenville,* 924 F.Supp. 845, 850, (S.D.Ohio 1996).

Similarly, O.R.C. § 4112.02(H)(4) provides:

It shall be an unlawful discriminatory practice: [f]or any person to ... [d]iscriminate against any person in the terms or conditions of selling, transferring, assigning, renting, leasing, or subleasing any housing accommodations or in furnishing facilities, services, or privileges in connection with the ownership, occupancy, or use of any housing accommodations ... because of race, color,

religion, sex, familial status, ancestry, disability, or national origin ...

Ohio courts have held that, when interpreting O.R.C. § 4112., it is appropriate to look to analogous federal statutes. *Strader v. Johnson,* No. 98AP–202, 1998 WL 894602, *3, (Ohio App. 10th Dist. Dec. 22, 1998), see also Wooten v. Columbus, Div. Of Water,* 91 Ohio App.3d 326, 334, 632 N.E.2d 605 (1993).

If a discriminatory effect is shown, the burden of proof then shifts to the defendant to establish justification for the acts causing discriminatory effects. *Congdon v. Strine,* 854 F.Supp. 355, 361 (E.D.Pa. 1994), *Strader v. Johnson,* No. 98AP–202, 1998 WL 894602, 4, (Ohio App. 10th Dist. Dec. 22, 1998).

Plaintiffs allege that defendant terminated their lease solely due to Loriann Wood's serious physical disability.[1] Plaintiffs contend that defendants told them to vacate the leased premises on or about April 20, 1998. Soon thereafter, on April 28, 1998, defendant gave plaintiffs a written notice of his intent to terminate the rental agreement, effective May 31, 1998. No further action to evict was taken by defendant, and plaintiffs continued the tenancy. Plaintiffs continued to pay rent beyond May of 1998, and through January, 1999. On January 1, 1999, plaintiffs gave written notice of their intent to terminate the rental agreement, and moved from the premises shortly thereafter.

Under these circumstances, I find that defendant did not actually or constructively evict plaintiffs, but rather plaintiffs voluntarily terminated the rental agreement of their own accord.[2] Because he took no further actions to enforce the eviction notice, defendant never discrimi-

---

1. Plaintiffs contend that plaintiff Loriann Wood is physically disabled. In support of this contention, plaintiffs offer a decision from the Social Security Administration awarding Loriann Wood social security disability benefits.

2. Constructive eviction occurs when the landlord has substantially deprived the tenant of the beneficial use of the premises, and the tenant vacates, or when the landlord's actions are meritless, done in malice or bad faith, and so severe as to interfere with the tenant's peaceful enjoyment of the premises. *Honce v. Vigil,* 1 F.3d 1085, 1091 (10th Cir.1993).

nated against plaintiffs in the terms, conditions, or privileges of the tenancy. *See Congdon,* 854 F.Supp. at 360. The fact that plaintiffs waited until January, 1999, more than seven months after defendant's notice of his intent to terminate the tenancy, further indicates that no eviction occurred. Also, defendant did not give plaintiffs a proper eviction notice or "notice to leave the premises" as required by O.R.C. § 1923.04.

Even if plaintiffs' termination of the tenancy was a result of defendant's statements and notice of intent to terminate the rental agreement, however, defendant may still establish a non-discriminatory reason justifying his actions. *See Congdon,* 854 F.Supp. at 361. Prior to April 28, 1998, plaintiff Loriann Wood voiced her concerns over the condition of the premises, and told defendant that "she could own his farm" after stepping through the barn floor. Defendant then consulted his insurance agent and attorney regarding potential liability because of the condition of the barn and cellar steps. After consideration of the exposure to liability and the overall value of the house, defendant indicated to his attorney that he wanted to terminate the plaintiffs' tenancy. Under these facts, I find that defendant had a reasonable, legitimate, and non-discriminatory reason for wishing to end plaintiffs' tenancy.

Additionally, plaintiffs offer no further support of any discriminatory acts by defendant in response to defendant's summary judgment motion. Rule 56(e) of the Federal Rules of Civil Procedure require a party opposing summary judgment to present some type of evidentiary material in support of its position. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. Plaintiffs must set forth specific facts showing that there is a genuine issue for trial. Fed. R.Civ.P. 56(e). Nowhere in plaintiffs' pleadings do they offer any evidence of discriminatory acts by the defendant, other than his sole attempt to terminate the tenancy with the termination notice. Even if plaintiff established a prima facie case

with this evidence, defendant has advanced a legitimate, non-discriminatory reason for wishing to terminate the plaintiffs' tenancy. Therefore, I find that plaintiffs fail to present evidence upon which a reasonable jury could return a verdict finding that defendant violated the Fair Housing Act.

Accordingly, I shall grant summary judgment in favor of defendant on all of plaintiffs' claims.

## CONCLUSION

It is, therefore, ORDERED THAT Defendant James Rathfelder's motion for summary judgement is granted.