**Terry R. BOERST, Plaintiff–Appellant,**

v.

**GENERAL MILLS OPERATIONS, INC., Defendant–Appellee.**

No. 00–3281.

United States Court of Appeals, Sixth Circuit.

Jan. 15, 2002.

Before NELSON and BATCHELDER, Circuit Judges; FEIKENS *, District Judge.

BATCHELDER, Circuit Judge.

The district court ruled that Terry Boerst ("Boerst") was not disabled under the Americans With Disabilities Act ("ADA") and entered summary judgment against him. We conclude that two of the four activities that Boerst contended qualify as major life activities under the ADA do not qualify; the limitations that Boerst said are substantial limitations under the ADA are not substantial at all; and Boerst conceded that the medication Zoloft alleviated the infirmities about which he complained. We will AFFIRM the district court.

## FACTS AND PROCEDURAL BACKGROUND

Boerst sued General Mills under the ADA and Ohio's state-law analogue to the ADA. The gist of Boerst's claim is that between May 14, 1997, and November 10, 1997, General Mills denied him a reasonable accommodation and laid him off because he refused to work more than eight hours in any one day. Boerst is seeking backpay and prospective injunctive relief.

Sometime in late 1996 Boerst began complaining that he was suffering from anxiety, fatigue, difficulty sleeping and an inability to concentrate. He complained that these problems were caused by his worrying about having to come into work early and work more than eight hours a day. He also complained that these troubles were exacerbated by concerns that all of this stress might cause him to relapse into alcoholism.

To remedy Boerst's problems, his doctor recommended that Boerst work no more than eight hours per day. For some period of time (the record does not say how long), General Mills excused Boerst from any overtime and allowed him to work no more than eight hours per day. General Mills viewed the overtime restriction as having lapsed in January 1997, and in May of 1997, General Mills told Boerst that he would again be required to work overtime. The company advised Boerst that because his overtime restriction was not permanent; Boerst needed to (but did not) have his work restriction renewed by his doctor. Faced with the prospect of again working more than eight hours a day and seeing that company officials would not budge, Boerst went on medical leave on May 14,

---

* The Honorable John Feikens, United States District Court for the Eastern District of Michigan, sitting by designation.

1997. Immediately upon leaving General Mills, Boerst went straight to his doctor, Dr. Jones.

Dr. Jones gave Boerst a note saying that Boerst should not work more than eight hours in any one day. Boerst took this note back to General Mills and gave it to Glenda Simon, who served as General Mills's administrator for the Family Medical Leave Act and attendance policy. General Mills refused to accept Dr. Jones's recommendation that Boerst work no more than eight hours per day.

Boerst continued to see Dr. Jones about once a week and Dr. Jones continued to give Boerst notes saying that Boerst should have to work no more than eight hours per day. Boerst continued to deliver these notes to General Mills, and General Mills continued to reject the doctor's suggestion. Boerst did not return to work until the third week of July 1997, when General Mills put him back on the work schedule.

Things went fine for Boerst for about two weeks, when General Mills again asked Boerst to work more than eight hours in a day. Again, Boerst refused; he went on medical leave at the end of July 1997. Boerst stayed on medical leave until an independent medical exam ("IME") was done by Dr. Daniels on October 20, 1997. Dr. Daniels examined Boerst and concluded that "[i]t is clear that [Boerst] has developed and [sic] anxiety disorder in response to his work hours, and his interpretations of it ... It is my recommendations [sic] that his work restriction be granted." The IME report was faxed to General Mills on October 31, 1997. By November 10, 1997, Boerst was back to work, enjoying his daily overtime restriction and sometimes working seven days a week. He works at General Mills today and still enjoys this eight-hour-per-day restriction.

Sometime in August 1997, Boerst began taking the medication Zoloft to alleviate his anxiety and stress. At his deposition, Boerst testified that Zoloft had "pretty much solved all [his] problems." A doctor's report confirms Zoloft's effect: "Mr. Boerst ... is currently taking Zoloft 100mg ... and his prognosis is fair."

While Boerst was on medical leave in the fall of 1997, he filed a charge of discrimination with the EEOC. In March 1999, after Boerst was back at work, the EEOC issued a right to sue letter. Boerst then brought this action against General Mills, claiming that General Mills had violated the collective bargaining agreement ("CBA") and discriminated against him in violation of the ADA and Ohio law. He also sued his national and local unions and alleged that his unions failed to adequately address a grievance that Boerst filed about his dispute with General Mills.

After a morning of being deposed by the unions' lawyer, Boerst abandoned his claims against the unions and his claim against General Mills for breach of contract. Boerst pursued only his ADA and Ohio-law claims against General Mills.

General Mills moved for summary judgment, arguing that Boerst was not disabled under either the ADA or Ohio law. General Mills contends that under the law of this circuit, an inability to work more than eight hours a day is not a substantial limitation for purposes of the ADA. General Mills stressed that according to Boerst's doctor and Boerst's deposition testimony, the medication Zoloft had mitigated whatever infirmities Boerst suffered.

Boerst filed an affidavit opposing General Mills's motion for summary judgment that tried to undo his deposition testimony about the mitigating effects of Zoloft:

> [B]eginning in mid–1996, anxiety and resulting loss of sleep and fatigue caused by my concerns over forced overtime affected my ability to perform my forklift operator's job, leading me to seek medical assistance and a restriction

against overtime in excess of eight hours per day to safeguard my concentration, stamina and attentiveness on the job of forklift operator. My concentration, stamina and attentiveness on the job were particularly affected on the days following sleep disturbances triggered by overtime anxiety.

The district court concluded that Boerst's affidavit did nothing to undermine Boerst's deposition testimony that Zoloft had pretty much solved all of his problems, and the court granted General Mills's motion for summary judgment. The district court held that Boerst had failed to show that he suffered a substantial limitation on any major life activity. The court explained that Boerst was not substantially limited in other major life activities because Zoloft allowed Boerst to perform his job duties, and an eight-hour-per-day work restriction cannot establish a disability under the ADA.

Boerst filed a timely notice of appeal. On appeal, Boerst identifies three impairments: stress, anxiety and fatigue. He says that these impairments substantially limit four activities that qualify as major life activities under the ADA: concentrating, maintaining stamina, sleeping and working. He contends that the district court erred because genuine issues of material fact remain about whether his impairments substantially limit any major life activity.

## DISCUSSION

■ Boerst's pleadings make clear that he proceeds under 42 U.S.C. § 12102(2)(A).[1] Consequently, Boerst must present evidence from which a fact-finder could find that he suffers from a condition that causes a substantial limitation on some major life activity. *See Doren v. Battle Creek Health Sys.*, 187 F.3d 595, 598 (6th Cir.1999) (ADA plaintiff must show "the existence of an impairment that substantially limits a major life activity.").

■ Under *Doren*, Boerst must show that: (1) his impairments affect a major life activity, as the ADA defines major life activity; and (2) the effect of his impairments is a substantial limitation, as the ADA defines substantial limitation. *See Bragdon v. Abbott*, 524 U.S. 624, 631, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998). Sleeping and working are major life activities under the ADA. Concentrating and maintaining stamina are not. *See Doren*, 187 F.3d at 597 ("Under the Act, working qualifies as a 'major life activity.' "); *Pack v. Kmart Corp.*, 166 F.3d 1300, 1305 (10th Cir.1999) ("We hold that sleeping is a major life activity, but concentration is not.").[2]

Because neither concentrating nor maintaining stamina qualify as major life activities under the ADA, only sleeping and working concern us in this appeal. We must decide whether the district court correctly concluded that Boerst did not show that he could carry his burden at trial to prove that he suffered a substantial limitation on his ability to either sleep or work.

Boerst cannot show that he is substantially limited in a major life activity unless

---

1. Our ADA analysis applies equally to Boerst's Ohio-law claim. *See Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n*, 66 Ohio St.2d 192, 421 N.E.2d 128, 131 (Ohio 1981) (Federal case law applying Title VII is generally applicable to cases involving Ohio Rev.Code Chapter 4112); *Wooten v. City of Columbus*, 91 Ohio App.3d 326, 632 N.E.2d 605, 611 (Ohio Ct. App.1993) (same).

2. *See also Linser v. State of Ohio, Dep't of Mental Health*, No. 00–3281, 2000 WL 1529809, at *3 (6th Cir. Oct.6, 2000); *Colwell v. Suffolk County Police Dep't*, 158 F.3d 635, 643 (2nd Cir.1998) ("'[S]leep ... is undoubtedly a major life activity[.]'").

he can show either: (1) he cannot perform a major life activity that an average person can perform; or (2) his performance of a major life activity is significantly restricted in the condition, manner, or duration when compared to an average person. *See* 29 C.F.R. § 1630.2(j)(1). In determining whether either of these two showings are made, we ask about the nature and severity of the impairment that purports to substantially limit the major life activity. *See* 29 C.F.R. § 1630.2(j)(2)(i).

Boerst cannot show that he is substantially limited in the major life activity of working, unless he can show that he is "significantly restricted in ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person with comparable training, skills, and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i); *McKay v. Toyota Motor Mfg., USA, Inc.,* 110 F.3d 369, 372 (6th Cir.1997).

■ When determining if an ADA plaintiff suffers a substantial limitation, we must consider any corrective measures that the plaintiff has employed. *Sutton v. United Airlines, Inc.,* 527 U.S. 471, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) ("Looking at the Act as a whole, it is apparent that if a person is taking measures to correct for, or mitigate, a physical or mental impairment, the effects of those measures—both positive and negative—must be taken into account when judging whether that person is 'substantially limited' in a major life activity and thus 'disabled' under the Act.") If the corrective measures sufficiently alleviate plaintiff's impairment, then the plaintiff is not disabled under the ADA because the plaintiff's impairment does not rise to a substantial limitation. *Id.* at 482–83, 119 S.Ct. 2139. For exam-

ple, if the plaintiff suffers from high blood pressure and takes medication which relieves the high blood pressure to the extent that the plaintiff no longer suffers a substantial limitation, the plaintiff is not disabled under the ADA. *See Murphy v. United Parcel Serv.,* 527 U.S. 516, 521–22, 119 S.Ct. 2133, 144 L.Ed.2d 484 (1999).

■ Boerst tries to establish that he suffers a substantial limitation on his ability to sleep. To that end. Boerst offered allegations and supporting evidence which mirror those offered and rejected in *Pack* and *Linser.* For example, Boerst put in evidence that he could "only get two-four hours" sleep a night. So did the plaintiff in *Pack.* Getting between two and four hours of sleep a night, while inconvenient, simply lacks the kind of severity we require of an ailment before we will say that the ailment qualifies as a substantial limitation under the ADA. *See Linser v. State of Ohio, Dep't of Mental Health,* No. 00–3281, 2000 WL 1529809, at *3. Consequently, we conclude that so far as the major life activity of sleeping goes, Boerst failed to show on summary judgment that he could prove a substantial limitation. The district court made no error when it entered summary judgment against Boerst on this point.

■ Boerst says that he suffers a substantial limitation on his ability to work because he can work no more than eight hours a day. Like Boerst's allegation and evidence about sleepless nights, this allegation and its supporting evidence cannot show a substantial limitation under the ADA. *See Linser,* 2000 WL 1529809, at *3 ("We are bound by the Sixth Circuit precedent holding that the inability to work in excess of eight hours per day does not constitute a disability.") (citing *Doren,* 187 F.3d at 599). Boerst also does not show that his professed inability to work more than eight hours a day means that he is precluded from performing a broad class

of jobs. These reasons alone convince us that the district court was quite correct when it granted summary judgment for General Mills on this issue. But the district court was correct for another reason as well.

Moving for summary judgment, General Mills pointed out that Boerst conceded that since he started taking Zoloft—a medication to help alleviate stress—and that Zoloft had "pretty much solved all" of his problems. Boerst counters by declaring that even after taking Zoloft, he still could sleep no more than two to four hours per night. But as the district court pointed out, the affidavits that Boerst submitted "provide no evidence to dispute the mitigating effects of" Zoloft. As we have heretofore held. Boerst's claimed sleep difficulties do not rise to the level of a disability under the ADA. Boerst's own testimony shows that he suffered no substantial limitation on his ability to work when Zoloft's mitigating effects are taken into account. Therefore, under *Sutton* and *Murphy*, we affirm the district court's conclusion that Boerst has not presented evidence that he is substantially limited in his ability to work. Moreover, the fact that Boerst was not taking Zoloft for part of the time relevant to this case does not suffice to demonstrate that he was under a disability during that time for purposes of the ADA.

Consequently, we AFFIRM the final summary judgment order entered against Boerst because Boerst failed to demonstrate on summary judgment his ability to prove at trial that he is disabled within the meaning of the ADA.