[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
This appeal is from the May 14, 2001 judgment of the Lucas County Court of Common Pleas which granted summary judgment to appellee, Toledo Public Schools. Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellant, Sherry J. Baker, asserts the following assignments of error on appeal:
 "I. Granting Appellee Motion for Summary Judgment based in large part to comments made by appellant during deposition October 25, 1996, that appellant said in deposition that she was signing contract January 13, 1989, because it was easier. Determining that Appellant Federal and State Claims are Time Barred When in Fact Appellant has never been Notified that she had been Discharged and for not Deciding that Appellee did not Discharge Appellant until on or about January 7, 1997, which was the first Appellant ever heard that she was Discharged through Affidavit R. Corcoran. [sic]
 "II. In Deciding that Appellant had notice of Discharge when Contract was signed January 13, 1989, when in fact January 13, 1989, signing of contract, was date of start appellant indefinite leave without pay and start of grievance procedure wherein appellant requested return to teaching in lieu of hearing and decision of the court that apparently had some previous problem in the past with the neighbor so that the Appellee was Justified in Averting Hearing and for Placing Appellant on Indefinite Leave Without Pay, and in deciding to force Appellant into Signing January 13, 1989, and in Deciding that Appellees Interpretation of Various Points of Collective Bargaining Agreement were correct regarding sections involving disciplinary action for teachers and maintenance of records in teachers personnel files, even though there is no meeting of the Minds for contract and everything that appellee did was discriminatory, capricious, and arbitrary concerning all action taken by appellee against appellant. [sic]
 "III. In Deciding that the January 13, 1989, Contract was Valid when the Contract was signed under Duress and there was no meeting of the minds necessary for a binding contract. Also there was unequal bargaining power because the contract was revised and signed out of the presence of the appellant attorney, and for deciding that Appellant Breached the Contract; and for not Deciding that Appellee Breached the Contract when Appellee Discontinued the Employee Assistance Program, Making Further Performance of the Appellant Impossible Under the Specific Terms of the Contract. [sic]
 "IV. In not Deciding that the Prima Facie Case of Discrimination was Proven in Favor of Appellant. In that the Appellant's Notice of her Availability to Return to Work in Requiring her to Comply with terms of the January 13, 1989, Contract Instead of Allowing Her Due Process. Appellant Refusal to see another Psychiatrist in EAP and Appellant Request that Appellee Allow Appellant a Hearing is Misconstrued as Defiance and as Refusal to Cooperate. The Prima Facie Case is Proven When Appellant is Available, Qualified, Yet Replaced by White Male Within 2 Years to Six Years Prior to Filing and thereafter filing Her Complaint, especially since the Complaint expressed her fear that she may have been discharged without notice and had been replaced in her teaching position. Also her Complaint Addresse Systemic Claims under Motion to Compel Discovery. [sic] "Denying Appellant motion to Compel Discovery as to Comparative Persons, Dates of Hire, and Relevant EAP information [sic]
 "V. Moreover, the Court is in Error for not Ruling Favorably to the Appellant's Motion to Join the Husband to the Suit due to the Loss to the Consortium of the Appellant and/or Behalf of Their Children who have Suffered as Result of Appellee's Action throughout Their Lives." [sic]
Appellant filed a pro se complaint against appellee on February 23, 1996, which was later amended. She made several allegations relating to an agreement between her and appellee, which was executed on January 13, 1989. In the caption of her complaint, she indicated that the claims were for "Discrimination R.C. 4101.17(B) Promissory Estopped [sic] Breach of Contract and Intentional Infliction of Mental Duress". Appellant's claims arise out of allegations that on January 13, 1989, she was forced to sign an agreement with appellee which required her to see a psychiatrist under what she believed was a voluntary Employee Assistance Program, or be discharged that same day. Appellant asserted that she was not given a hearing to address the charges brought against her. Appellant alleged that this incident has caused her stress which led to the development of "Bel-Palsy." She also asserted that her position was filled by a white male and set forth a claim of discrimination based on race and gender under federal law.
The case was removed to federal court, which dismissed the case based on a finding that her discrimination claims were barred under Ohio's statute of limitations. The case was remanded to the state court for disposition of her state claims. The federal district court's decision was affirmed on appeal. Her writ of certiorari and petition for rehearing were denied by the United States Supreme Court.
After remand of the case, the parties filed cross-motions for summary judgment. Appellee also filed various other motions. On May 14, 2001, the trial court granted appellee's motion for summary judgment and denied appellant's motions. Appellant then sought an appeal to this court.
The facts, as found by the trial court, are not disputed. Appellant was employed by appellee as a teacher for the 1988-1989 school year. In a letter dated October 17, 1988, appellee was informed by the school administrators that disciplinary charges had been issued against her because of "bizarre behavior such as threatening other staff members, creating a hostile atmosphere in the work place; and outbursts and unprofessional demeanor." While the disciplinary charges were pending, appellee also received notice of charges against appellant filed by her neighbor alleging that she had discharged a gun in her home, which caused bullets to enter the neighbor's home. Effective November 29, 1988, appellant was suspended with pay. At a hearing on the disciplinary charges, on January 12, 1989, appellant appeared with counsel. At that time, appellant agreed to participate in an Employee Assistance Program instead of proceeding with the disciplinary process. The next day, appellant objected to the agreement and a revised written agreement was executed. Based on this agreement, appellant was required to schedule an appointment with Dr. Vance Fitzgerald, or another psychiatrist (whom both parties approved), by January 25, 1989, and remain under his care until he recommended that she return to work. She was to receive sick pay starting January 17, 1989, in lieu of lost wages. Dr. Fitzgerald refused to take appellant as a patient because he did not believe that he was qualified to determine her ability to work and he could not evaluate and treat her unless he knew if the charges against her were true. He recommended that a hearing on the charges be held. Appellant refused to see another psychiatrist. Appellant wrote to appellee indicating her intent to return to work, but appellee notified her that she could not return to work until the terms of the agreement had been fulfilled.
The trial court found that no state discrimination claim was set forth in the complaint and that even it had been, the claim would have been barred by the statute of limitations. The court adopted the reasoning of the federal district court that appellant's discrimination claim began to run on January 13, 1989, when she executed the agreement with appellee. It further found that the statute of limitations for such a claim is six years and that her claim expired on January 13, 1995, more than a year before she filed her complaint. Likewise, the court found that appellant's intentional infliction of emotion distress claim, subject to a four-year statute of limitations, was also barred. The court also found that there were no issues of fact regarding appellant's estoppel and breach of contract claims and that appellee was entitled to judgment as a matter of law as to these claims.
On appeal, appellant asserts that the trial court's grant of summary judgment to appellee was erroneous. An appellate court reviews summary judgment based upon the same standards as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35, 36. Thus, we must determine if the requirements of Civ.R. 56(C) have been met. That rule provides that summary judgment is appropriate if:
 "* * *there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"
On appeal, appellant argues in her first, second, and fourth assignments of error that the trial court erred when it determined the date on which her claims accrued for purposes of determining whether these claims were barred by the statute of limitations. She argues that she first learned of her discharge on January 7, 1997, which would be after she filed her complaint. The trial court, as did the federal court, determined that the cause of action accrued on January 13, 1989, when appellant signed the agreement to seek psychiatric care in lieu of the disciplinary process.
Upon a review of the complaint and amended complaint, we find that appellant fails to set forth a claim for discrimination. R.C. 4112.02(A) provides that it is unlawful discrimination to discharge a person because of their race or gender without just cause or to discriminate against them in any matter related to their employment. Appellant was required to prove that appellee acted in a discriminatory manner. Blankenship v.Martin Marietta Energy Sys., Inc. (C.A. 6, 1996), 83 F.3d 153, 155, andLowry-Greene v. Brighton Hotel Corp. (Aug. 20, 1992), Cuyahoga App. No. 60838, unreported at 37-38. Appellant has failed to allege that appellee took any action against her because she was either a woman or African American. Appellant also failed to allege that appellee's disciplinary action against her was a pretext for discrimination.
Furthermore, we also find that appellant's claim accrued on or before January 13, 1989, because any possible discriminatory conduct would have occurred prior to this date. Appellant was also aware at that point in time that if she failed to comply with the agreement, her employment would eventually be terminated. Any events occurring after this date were merely consequences of breaching this agreement. McCray v. City ofSpringboro (July 13, 1998), Warren App. No. CA98-01-006, unreported, andBerarducci v. Oscar Mayer Foods Corp. (Aug. 17, 1984), Erie App. No. 44987, unreported. Likewise, appellant's intentional infliction of emotion distress claim also accrued on or before January 13, 1989, when she was allegedly forced to sign the agreement.
Therefore, we find appellant's first, second, and fourth assignments of error not well-taken.
In her third assignment of error, appellant argues that the trial court erred in granting summary judgment to appellee on appellant's breach of contract claim. Appellant argues, on the one hand, that there was no binding agreement between the parties because she was forced to sign the agreement under duress. On the other hand, she also argues that appellee breached the agreement between the parties.
We find that the trial court did not err in granting summary judgment on appellant's breach of contract claim. In order to prove a claim of duress, appellant was required to demonstrate that she was forced to sign the contract against her will. Blodgett v. Blodgett (1990),49 Ohio St.3d 243, syllabus, and Lakeside Ave. Ltd. Partnership v.Cuyahoga Cty. Bd. of Revision (1996), 75 Ohio St.3d 540, 544-545. The facts demonstrate that appellant entered into the agreement, with the advice of counsel, in order to avoid the disciplinary process. She has alleged no set of facts to support her claim that she was coerced into signing the agreement.
In order to succeed on her breach of contract claim, appellant was required to prove that appellee did not perform one or more of the terms of the contract. Fain v. Jade Studio (Feb. 16, 1995), Vinton App. No. 94CA494, unreported. Where the facts are not disputed, the determination of whether a certain act constitutes a breach of contract is a question of law. Luntz v. Stern (1939), 135 Ohio St. 225, paragraph five of the syllabus.
Appellant alleges that appellee breached the contract by failing to accept the recommendation of Dr. Fitzgerald that the truth of the allegation against appellant needed to be determined before he could evaluate and treat her. Appellee contends that it was not required to accept such a recommendation. It further contends that since Dr. Fitzgerald was unavailable to perform the evaluation, appellant was required to seek an evaluation from another psychiatrist. Appellant also contends that appellee breached the agreement by eliminating the Employee Assistance Program.
We agree with the trial court that appellant failed to present sufficient evidence to prove that appellee breached their agreement. Appellee was not obligated to accept Dr. Fitzgerald's opinion as to whether appellant's mental state could be properly evaluated. Since Dr. Fitzgerald would not accept appellant as a patient, appellant remained obligated to arrange for an appointment with another psychiatrist. Secondly, even if appellee eliminated the Employee Assistant Program sometime after the agreement was executed, this act would not constitute a breach of the agreement. None of the evidence presented in this case indicates that appellee would not honor their agreement.
Appellant's third assignment of error is not well-taken.
In her fifth assignment of error, appellant argues that the trial court erred by denying her motion to join her husband and children to the action and their consortium claims. We find that the trial court did not err by denying this motion in light of the fact that appellant's causes of action were either properly dismissed or summary judgment was granted to appellee. Appellant's fifth assignment of error is found not well-taken.
Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., and Mark L. Pietrykowski, P.J., CONCUR.